ROBERT TALBOT v. THE MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

*Railroad companies—Service of process—Failure to fence right of wa —Negligence—Pleading.*

1. The return of an officer that he served a summons on the defendant (a railroad company) by handing a copy to the station agent at a designated station is sufficient, and implies that the station agent was the agent of the defendant.

2. It has been held repeatedly that when stock gets upon a railroad right of way by reason of the neglect of the railroad company

to properly fence its track, and is killed by a passing train, no other negligence need be proved; citing *Railway Co. v. Lull*, 28 Mich. 510; *Railroad Co. v. Southwick*, 30 Id. 444; and this liability attaches to roads in the Upper Peninsula; citing *Marcott v. Railroad Co.*, 47 Id. 1.

3. A declaration which charges that the defendant is a corporation owning a railroad in a given township, which it has been operating for over a year last past, and has not fenced its road at any place through the township, and that on a given date the plaintiff was the owner of a colt, of the value of $100, which was lawfully in said township, and which went onto the track of the said railroad, and was there killed through the negligence of the defendant, and because its track was not fenced, sets out a cause of action, and is as full as is usual or necessary in justice's court.

Error to Chippewa. (Steere, J.) Argued June 12, 1890. Decided July 2, 1890.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*E. S. B. Sutton*, for appellant, contended:

1. The return does not show that the service was made on the station agent of the defendant; citing *Fowler v. Railroad Co.*, 7 Mich. 79; *Laidlaw v. Morrow*, 44 Id. 547; *Brady v. Railroad Co.*, 73 Id. 457; and the return should name the person upon whom service was made; citing *Detroit v. Railway Co.*, 63 Mich. 712.

2. In justice's court the nature of plaintiff's claim must be stated in such a manner as to show a cause of action, and with sufficient certainty to prevent surprise; citing How. Stat. § 6875; *Chancey v. Skeels*, 43 Mich. 348; *Watkins v. Ford*, 69 Id. 360.

3. A declaration for negligent injury must aver the *fact* and *manner* of negligence, and plaintiff should be confined to what is set forth in his declaration; citing *Railroad Co. v. Marcott*, 41 Mich. 433; *Thompson v. Railway Co.*, 57 Id. 300; and a party who sues for negligent injury is bound to set forth in his declaration the material facts relied on as his cause of action; citing *Batterson v. Railway Co.*, 49 Mich. 184; *Railway Co. v. Stark*, 38 Id. 719, 720; and it is not enough to refer to matters in an uncertain, doubtful, and ambiguous manner, as a kind of a general drag-net to meet whatever evidence may be pre-

sented; citing *Addison v. Railway Co.*, 48 Mich. 156; *Schindler v. Railway Co.*, 77 Id. 136.

4. The only negligence proven was defendant's neglect to fence its track, which was not sufficient to maintain a recovery, and the incorporation of defendant was not shown, whether domestic or foreign; citing *Schermerhorn v. Railroad Co.*, 38 N. Y. 103; *Martin v. Stewart*, 73 Wis. 553; *Marcott v. Railroad Co.*, 47 Mich. 9; *Stern v. Railroad Co.*, 76 Id. 591.

5. Under the laws of this State, and the evidence in this case, it was not the duty of the defendant to build or maintain a fence along its right of way, and a failure so to do is not of itself such negligence as would entitle the plaintiff to recover; citing *Williams v. Railroad Co.*, 2 Mich. 259; *Improvement Co. v. Phelps*, 47 Id. 299; 1 Rorer, Railroads, 616.

6. The defendant, under the circumstances in this case, owed no duty to the plaintiff which it failed to perform. The colt was unlawfully upon defendant's track, and it did all that it could to prevent the injury to the animal ·after it was discovered on the track, and there should be some evidence that it could have been avoided by the use of proper diligence or precaution; citing *Stern v. Railroad Co.*, 76 Mich. 591.

7. Plaintiff was guilty of contributory negligence in permitting the colt to escape from his inclosure, and the animal was a trespasser on defendant's track, horses not being shown to be free commoners in Bruce township; citing *Robinson v. Railroad Co.*, 79 Mich. 323.

8. It will be observed by reference to Act No. 261, Laws of 1887, that, in the absence of an order from the Commissioner of Railroads requiring defendant to fence its road, it is subjected to all of the provisions of the law except as to certain specific penalties therein provided. Defendant contends that no statute can be constitutional which permits it to do or not do certain things, and then makes it liable for damages arising therefrom. This law permits defendant not to maintain a fence, and then seeks to make it liable to the same extent as railroad companies which are required to maintain such fences, which provision is unconstitutional.

9. The law was enacted to aid and foster the building of railroads in the northern portion of the State, and not for any such purpose as is contended for it by plaintiff, and the same rule should govern as is applicable to station grounds, which are not required to be fenced; citing *McGrath v. Railroad Co.*, 57 Mich. 555.

*J. W. McMahon*, for plaintiff, contended:

**1.** Contributory negligence is not a defense to an action based upon the statute requiring railroad companies to fence their tracks; citing *Railway Co. v. Lull*, 28 Mich. 510.

CAHILL, J. The plaintiff sued the defendant before Edgar J. Wiley, a justice of the peace of Chippewa county, for running over and killing a colt valued at $100. The defendant appeared specially, and moved to quash the summons and the service thereof, because—

1. Edgar J. Wiley is not a justice of the peace in and for Chippewa county.

2. The return of the service and the service itself of said summons is insufficient and void.

3. This court has no jurisdiction to hear and determine this cause.

—Which motion was overruled. The summons was returned with the following certificate indorsed thereon:

"I served the within summons on the 23d day of November, A. D. 1888, on the defendant by handing a copy to the station agent at Sault Ste. Marie, and delivering to him a copy thereof at the city of Sault Ste. Marie, within the said county.

"WM. HAND, Constable."

It is objected that this return does not show that the station agent upon whom service was made was the agent of the defendant. We see no force in this point. The statement is that the service was on the *defendant* by handing a copy to the station agent. This implies that the station agent was the agent of the defendant; otherwise the statement that defendant had been served was not true. The other grounds for the motion to quash were properly overruled.

Plaintiff's declaration was as follows:

"Plaintiff present, and declares orally against the defendant that, whereas, the defendant is a corporation owning and operating a railroad through the township of Bruce, county of Chippewa, and have been so operating a railroad for over a year last past; that said company have not fenced said road at any place through said

township; that on the 18th day of September last the plaintiff was the owner of a certain horse colt of great value, to wit, of the value of one hundred (100) dollars, which was lawfully in said township, which colt went on the track of the said railroad, and was there killed through the negligence of said company, and because said track was not fenced, to the damage of said plaintiff one hundred dollars, and therefore he brings suit."

The defendant demurred generally to the declaration, which demurrer was overruled, and the plaintiff recovered a judgment for $70 and costs. The defendant appealed from the justice's judgment, and on a trial in the circuit court the plaintiff again recovered judgment for $70. The defendant brings error.

The evidence showed conclusively that the plaintiff's colt, about a year and a half old, was killed by freight train No. 40, passing over defendant's road on the night of October 18, 1888; that the railroad track was not fenced in the vicinity where the accident occurred; that plaintiff's colt had escaped from pasture into the highway during the day without plaintiff's knowledge, and following the highway down to the railroad track, and there being no fence to prevent, had entered upon the right of way, and wandered 40 or 50 rods up the track, where it was killed.

The only questions in the case are:

1. As to the sufficiency of the declaration.

2. Whether the plaintiff could recover upon a showing that the railroad company had failed to fence its track, and without other proof of defendant's negligence.

We think the plaintiff's declaration sets out a cause of action, and is as full as is usual or necessary in justice's court.

It has been held repeatedly that when stock gets upon a railroad right of way by reason of the neglect of the railroad company to properly fence its track, and is

killed by a passing train, no other negligence need be proved. *Flint, etc., Ry. Co. v. Lull*, 28 Mich. 510; *G. R. & I. R. R. Co. v. Southwick*, 30 Id. 444. This liability attaches to railroads in the Upper Peninsula. *Marcott v. Railroad Co.*, 47 Mich. 1.

We see no error in the record, and the judgment is affirmed, with costs.

The other Justices concurred.