GEORGE COOK

*v.*

THE IMPERIAL BUILDING COMPANY.

*Filed at Ottawa October 29, 1894.*

1. SERVICE OF PROCESS — *upon corporation — vice-president is an* "*agent.*" The vice-president of a corporation is an "agent," within the meaning of the statute, and process against the corporation may be served upon him as such.

2. SAME —*description of officer in sheriff's return.* A sheriff's return stating service upon the officer as *vice-president* instead of as *agent,* is good, he being in fact an agent.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. R. W. MORRISON, and Mr. MAX ROBINSON, for the appellant.

Messrs. ULLMAN & HACKER, for the appellee:

Before the circuit court could obtain jurisdiction of the defendant, it must affirmatively appear that the said defendant has been served with process according to law. *Cost* v. *Rose,* 17 Ill. 276; *Boyland* v. *Boyland,* 18 id. 551; *Piggott* v. *Snell,* 59 id. 106; *Tompkins* v. *Wiltberger,* 56 id. 385; *Greenwood* v. *Murphy,* 131 id. 604.

Mr. JUSTICE BAKER delivered the opinion of the court:

Appellant brought an action of debt against appellee, in the circuit court of Cook county. The summons issued was served on the vice-president of the appellee company, and on March 14, 1891, the default of appellee was entered for want of a plea, and judgment rendered for appellant in the sum of $405.93. That judgment was reversed by the Appellate Court, where the cause had been taken by writ of error, and to reverse the judgment of the Appellate Court appellant brings this appeal.

It is contended that the Appellate Court erred in holding that appellee was not properly served with summons to appear before the circuit court, and in reversing the judgment of that court. Following is the sheriff's return upon the summons:

"Served this writ on the within named, the Imperial Building Company, by delivering a copy thereof to F. S. Eames, vice-president of said company, the 19th day of June, 1890, the president not found in my county.

CANUTE R. MATSON, *Sheriff.*
By W. A. JOHNSON, *Deputy.*"

The sole question here presented is, whether or not that return constituted a sufficient service upon appellee. Appellant contends that it did, upon the theory that the vice-president is an agent of the corporation, within the contemplation of our statute. The statute provides: "An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he

shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county." Rev. Stat. 1874, chap. 110, sec. 5.

It is true, as appellee urges, that the statutory requirements for service of process must be strictly complied with in order to give the court jurisdiction of the party sued. Still, it by no means follows that the court shall not determine the true meaning of the word *agent*, as used in the statute just quoted. In *Comet Consolidated Mining Co.* v. *Frost*, 15 Col. 310, under a code which provides that service shall be had upon a corporation by delivering a copy of the writ to the president or other head thereof, or to the secretary, cashier, treasurer or general agent thereof, it was held that service upon a vice-president is sufficient. In *Norfolk and W. R. Co.* v. *Cottrell*, 83 Va. 512, under a statute authorizing the service of process upon *any agent* of the corporation in the absence of the president or chief officer, it was held that service upon the vice-president of a corporation, the return upon the writ showing that the president could not be found, is sufficient. See, also, *Barrett* v. *American Telephone Co.* 63 N.Y. (Supr. Ct.) 430, where a general superintendent was held to be a "managing agent," within the meaning of the statute, which provided that service should be had upon the president or other head of the corporation, the secretary or clerk, the cashier, the treasurer, or a director or managing agent.

We have not been referred to, nor have we been able to find, any decisions, under similar statutes, holding the contrary of the authorities just cited. In the light of those decisions, and of reason, we are of the opinion that the vice-president of a corporation is an agent, within the purview of section 5, chapter 110, of the Revised Statutes of 1874. He is a regularly elected and acknowledged officer of the corporation. He acts as president

in the absence of the latter from duty, exercising such authority as the president might himself were he present, and although it might be difficult to define, with any degree of certainty, what are his ordinary duties, yet we have no hesitancy in pronouncing him to be an agent of the corporation.

It is urged by appellee, that even though it should be held that a vice-president is an agent, still, in this case, the officer's return was defective, for the reason that Eames was not served as *agent*, but as *vice-president*. This position is untenable, for, since a vice-president is an agent, what can it matter whether the officer returned the writ as served upon Eames, agent, or upon Eames, vice-president?

We think the sheriff's return upon the summons was good and sufficient. Appellee, accordingly, was properly served with process, and it was error in the Appellate Court to reverse the judgment of the circuit court. The judgment of the Appellate Court is therefore reversed, and the judgment of the circuit court is affirmed.

*Judgment reversed.*