DAVIS *et al.* v. JACKSONVILLE SOUTHEASTERN LINE, *Plaintiff in Error.*

Division One, December 22, 1895.

1. **Practice:** JURISDICTION: SUPREME COURT: COLLATERAL ATTACK. Want of jurisdiction over the defendant is an objection that may be first raised in the supreme court on writ of error, or it may be raised in a collateral action.

2. ———: FOREIGN CORPORATION: SUMMONS: RETURN. A return of service of summons on a named person, "freight solicitor" of defendant, in charge of its business office at the time, is sufficient to show that the person served was the agent of the foreign corporation, defendant, under section 2017 (R. S. 1889).

3. ———: PROCESS: RETURN. Returns upon process should receive a reasonable and fair construction.

4. ———: PETITION, OBJECTIONS TO. The objection that the petition does not state a cause of action may, in Missouri, be advanced first in the supreme court on appeal or error.

5. **Personal Property:** POSSESSION. Possession of goods is a fact which, unexplained, warrants an inference of some property in the goods.

6. ———: SPECIAL PROPERTY: PARTIES: CONSIGNEES. A special property in goods is sufficient to support an action against the carrier for their loss; and the consignees of such goods may maintain such an action, or the person with whom the contract for carriage was made.

7. ———: COMMON CARRIER: FAILURE TO DELIVER: PRIMA FACIE CASE. Where goods received for carriage by a common carrier, are not delivered at their destination, after a reasonable time, a *prima facie* case of default on the part of the carrier is made out, calling for explanation on his part.

8. ———: COMMON CARRIER, ACTION AGAINST: PLEADING. It is not essential in a suit against a common carrier, upon a contract for the carriage of goods, to aver a consideration for the contract.

9. ———: COMMON CARRIER. An agreement "to forward" goods may, in some circumstances, comprehend a stipulation to carry and deliver them beyond the defendant's own line.

10. ———: ———. Where a carrier agrees to deliver goods beyond his own line, he becomes responsible as carrier to the point of delivery in the absence of any limitation of that obligation.

11. Code Procedure: PLEADING, CONSTRUCTION OF. In interpreting a pleading its allegations are to be liberally construed under the Missouri code of procedure; and, after verdict, plaintiffs are entitled to the benefit of every reasonable inference from the facts alleged.

12. Common Carrier: MEANING OF TERMS. The meaning of the terms, "to be forwarded," and "to deliver the same to plaintiff in good order," explained.

*Error to St. Louis City Circuit Court.*—HON. JOHN A. HARRISON, Judge.

AFFIRMED.

The petition in the cause is as follows:

"Circuit Court, City of St. Louis, State of Missouri, February Term, 1893.

"John T. Davis and Andrew Sproule,  ⎫
   Copartners, under the name of  ⎪
   Samuel C. Davis & Company,  ⎪
             Plaintiffs.  ⎬
        *vs.*  ⎪
"Jacksonville Southeastern Line,  ⎪
         Defendant.  ⎭

"Plaintiffs state that they are copartners, domiciled and doing business in the city of St. Louis, and state of Missouri, under the firm name of Samuel C. Davis & Company. That defendant is a corporation organized and existing under the laws of the state of Illinois. That now, and at the times hereinafter stated, defendant was engaged in the business of carrying freight, as a common carrier, over the line of railroad owned and operated by plaintiff, from Pekin, in the state of Illinois, to East St. Louis, in said state. That on the —— day of May, 1892, the plaintiffs caused to be delivered to defendant, at the town of

Pekin, in the state of Illinois, forty thousand (40,000) American A. bags, in good condition, to be carried by defendant over its said road to East St. Louis, and thence to be forwarded by defendant to plaintiffs, at the city of St. Louis, state of Missouri; that defendant received said bags, for said carriage and delivery, but has failed to deliver the same to plaintiffs in good order, whereby plaintiffs were damaged in the sum of six thousand, ten dollars and eighty cents ($6,010.80), for which plaintiffs pray judgment, together with interest and costs."

*Pollard & Werner* for plaintiff in error.

(1) The sheriff's return on the summons shows that the service was defective. It appearing from the petition that defendant was a foreign corporation, the manner of service is regulated by the provision of section 2017, Revised Statutes of 1889. *Blanton v. Duncan*, 3 Mo. 38. The sufficiency of the service must be determined by the return itself. *Cloud v. Inhabitants*, 86 Mo. 357; *Blodgett v. Schaeffer*, 94 Mo. 652. (2) The petition fails to state facts constituting a cause of action, in the following particulars: It does not allege that the plaintiffs had any property, general or special, in the goods, or that they made any contract for their shipment. The suit against a carrier must be brought by the owner, either general or special, of the goods, or by some one who made the contract of shipment, and a recovery by the wrong party is no protection to the carrier. Hutchinson on Carriers, sec. 724; Angell on Carriers [4 Ed.], sec. 491. (3) The petition fails to show any breach, either of contract or duty, on the part of the defendant, either as carrier or forwarder. Hutchinson on Carriers, sec. 154; *Cramer v. Express Co.*, 56 Mo. 524; *Holtzclaw v. Duff*, 27 Mo.

393.    (4) In the absence of a contract the liability of a common carrier does not extend beyond the terminus of its own route. *Coates v. Express Co.*, 45 Mo. 238; *Railroad v. Pratt*, 22 Wall. 123.   (5.) The petition, the summons with the return thereon, and the judgment, are parts of the record proper, and this court will take notice of, and reverse for errors therein, whether excepted to in the lower court or not, and where the objection is first made in this court. *Bateson v. Clark*, 37 Mo. 31; *McIntire v. McIntire*, 80 Mo. 470; *State v. Pemiscot Co.*, 104 Mo. 26; *Smith v. Burrus*, 106 Mo. 97; *Childs v. Railroad*, 117 Mo. 414.   (6) The court can not supply by mere intendment an averment which plaintiff has failed to make in his petition. *Cook v. Putnam*, 70 Mo. 671.

*Campbell & Ryan* for defendants in error.

(1) The judgment shows, that the defendant had an office and was doing business in St. Louis, and that Poland was a freight solicitor and agent of defendant; the judgment is not inconsistent with the return, but the court in and by the judgment found, as a fact, that Poland was the agent of defendant at the time of the service of the writ upon him.   Thus the record, taken as a whole, shows that the service was upon an agent of the defendant, and fully complies with section 2017, Revised Statutes, 1889.   (2) The service, independently of the judgment, was good, for Poland as freight solicitor, was an agent of the defendant. *Hageman v. Insurance Co.*, 97 Pa. St. 534; *Block v. Railroad*, 21 Fed. Rep. 529. The cases cited from 86 and 94 Mo., upon this point, by plaintiff in error, do not bear out its position that the return was fatally defective, for the court, in 86 Mo. 368, says that there are cases where an insufficient return would be cured by a special recital made of

record. (3) While we insist that the return was good, yet the statute of jeofails would cure this defect, if any such existed. See *Koehler v. Bernicker*, 63 Mo. 368; R. S., sec. 2113. (4) The second assignment is that the petition does not state a cause of action. We do not think there is any just ground for this criticism. The principle of law sought to be invoked by plaintiff in error, is, that the petition shows that the plaintiffs had no standing in court and yet obtained a judgment against defendant. *Miller v. Davis*, 50 Mo. 572. (5) Where the record discloses a judgment in favor of a party not entitled to it, it will be reversed. *Harrington v. Evans*, 49 Mo. 377. (6) A judgment by default will not be reversed by reason of the omission of any allegations or averments, without proving which the triers of the fact ought not to have given a verdict. *Robinson v. Construction Co.*, 53 Mo. 435; R. S. 1889, sec. 2113. (7) The objection to the petition must go to the entire sufficiency of the petition to state a cause of action, it can not avail where it states a cause of action which is indefinite or imperfect in some of its averments. *McDermott v. Claas*, 104 Mo. 14. (8) Such objection for imperfectly stating a cause of action must be taken by demurrer or motion. See *Lynch v. Railroad*, 111 Mo. 604; *Bank v. Leyser*, 116 Mo. 61; R. S. 1889, sec. 2113, clauses 8 and 9; Bliss on Code Pleading, sec. 438. It is the law of this state that if the court can glean a cause of action from the petition, it is good even against a general demurrer, and more so in this case after judgment. But the petition in this case does allege a cause of action. It alleges the partnership of plaintiffs, the corporate existence and business of the defendant as common carrier; that plaintiffs, in May, 1892, caused to be delivered to defendant forty thousand bags in good condition, to be carried by defendant over its road to East St. Louis,

and thence to be forwarded by defendant to plaintiffs at St. Louis, Missouri; that the defendant received the bags for said carriage and delivery, and a breach of said contract, and a demand for the damages. Defendant received the goods as a common carrier in good order for carriage and delivery at St. Louis in good order, and it failed to keep its contract. *Levering v. Transportation Co.*, 42 Mo. 88; *Clark v. Railroad*, 64 Mo. 440.

BARCLAY, J.—The plaintiffs began the present action, January 19, 1893, in the circuit court, city of St. Louis, upon a petition of which a copy will accompany this opinion.

The defendant made default, and took no steps in the action until after the final judgment. The February term, 1893, of the circuit court began on the sixth of that month. On the sixteenth of February, default for want of answer was entered. March 30, 1893, the cause was duly called for trial. Upon submission of plaintiffs' proof the court found for them, assessed their damages at $6010.80, "and six per cent. interest from January 19, 1893, the date of the institution of the suit;" and gave judgment for the total, $6080.80.

No motion for new trial or in arrest was filed.

The writ of error now before us was sued out later by defendant from the supreme court to review the record proper.

Two main errors in it are assigned; the first, that the return of service on the summons is insufficient to confer jurisdiction over the defendant in the action; the second, that the petition does not state facts sufficient, etc.

The return in question we shall copy in juxtaposition to the words of the statute by which it is governed.

Davis v. Jacksonville Southeastern Line.

THE RETURN.

"Executed this writ in the City of St. Louis, Missouri, on the twentieth day of January, 1893, by delivering a copy of the writ and petition as furnished by the clerk to A. A. Poland, freight solicitor of the Jacksonville Southeastern Line, the within named defendant, who was in its business office and had charge thereof at the time of said service; the president or any higher chief officer could not be found in the city of St. Louis, Missouri, at the time of said service. Fee, $1.00.

"PATRICK M. STAED, Sheriff.
"JOSEPH F. SCHERMEN, Deputy."

THE STATUTE.

Sec. 2017 (R. S. 1889).

"A summons shall be executed, except as otherwise provided by law. * * * Fourth, where defendant is a corporation or joint stock company, organized under the laws of any other state or country, and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained," etc.

1. The question whether the court had jurisdiction to render the judgment it assumed to give, is one which may be raised for the first time upon writ of error. If the trial court was without the lawful power to act upon the defendant's rights, because defendant had not been brought before the court in the mode required by law, the want of power would infect the proceedings with fatal weakness, which might be pointed out, even in a collateral action. For stronger reason, could such a vital blemish be used to get rid of the apparent judgment under appropriate reviewing process; for the judgment itself would be a mere form, and simply null, wherever and whenever called in question in a court of law. *Hannibal, etc., R. R. Co. v. Mahoney* (1868), 42 Mo. 467.

2. Measuring the return, then, by the requirements of the statute, we see at a glance that the real question is whether service upon a named person, "freight solicitor" of the defendant, in charge of its business office at the time of said service, in the city of St. Louis, is good.

Stating the point in a different form, the question is whether a "freight solicitor" in charge of a railway business office is, or is not, to be held an "officer or agent of such corporation," within the meaning of the law governing the service.

The return should receive a reasonable and natural interpretation. It must be fairly construed and effect be given to its plain intent and meaning. *Mikel v. Railroad* (1873), 54 Mo. 145; *Hill v. Ore & Steel Co.* (1886), 90 Mo. 103; *Pope v. Terre Haute, etc., Co.* (1881), 87 N. Y. 137.

We do not doubt that "freight solicitor" is a sufficient designation of an agent on whom service may properly be made, when in charge of the defendant's business office. *Palmer v. Pennsylvania Co.* (1885), 35 Hun, 369; affirmed (1885), 99 N. Y. 679; *Talbot v. Railroad* (1890), 82 Mich. 66; *In re Hohorst* (1893), 150 U. S. 653; *Cook v. Imperial Bldg. Co.* (1894), 152 Ill. 638 (38 N. E. Rep. 914).

3. It is next urged that the petition does not state a cause of action.

In the judgment of the writer of this opinion, that point involves an issue of law, which should have been submitted first to the trial court to warrant the exercise of appellate jurisdiction by this court by way of review. It is not, however, necessary to repeat the reasons for that view. They have been given already. *State ex rel. v. Scott* (1891), 104 Mo. 32; *Lilly v. Menke* (1894), 126 Mo. 190.

My learned colleagues hold a different opinion on that point of practice; and, in deference to their ruling, the merits of the question now raised by the defendant will be gone into.

4. It is claimed that the petition is fatally deficient in omitting allegations to show that plaintiffs had some

kind of property, general or special, in the goods, or that they made the contract of shipment.

We think the petition meets the demands of the law in this particular.

Possession of such personal property is a fact which, unexplained, warrants an inference of ownership, or, at least, of some property in the goods referred to.

Plaintiffs had certainly such an interest as would sustain the action under the rulings on that subject in *Wolfe v. Railroad* (1889), 97 Mo. 473, and 10 Am. St. Rep. 331.

Plaintiffs were also the consignees of the goods, according to the allegations; and as such, were entitled to receive them and to claim them as against defendant. *Dyer v. Railroad* (1892), 51 Minn. 345.

Moreover, the statements that plaintiffs caused the goods to be delivered to defendant at Pekin "to be carried by defendant over its said road," etc., plainly imply an obligation to carry and to forward the goods as described.

It is settled law that the party with whom the contract of shipment is made may, *prima facie*, recover for its breach, irrespective of the question of title to the goods.

5. The most serious criticism of the petition is that it is said to omit any statement of a breach of contract, or of duty, on defendant's part, either as carrier or forwarder. Defendant claims, in this connection, that "under the allegations of the petition, defendant's duties ceased when it transported the bags to the terminus of its line at East St. Louis, and there forwarded them by a connecting line for transportation to St. Louis."

One difficulty that defendant encounters, in attempting to maintain that line of argument, is, that it does not appear that the goods were either carried by defend-

ant to East St. Louis, or thence duly forwarded to St. Louis. On the contrary the facts that are stated exclude such inferences.

At the present stage of the action, plaintiffs are entitled to the benefit of every reasonable inference that may be drawn from the facts they have expressly alleged.

"In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." R. S. 1889, sec. 2074.

If the petition is in any respects vague or uncertain, it was the duty of the defendant to have had it corrected by timely motion (R. S. 1889, sec. 2057); otherwise it must now be held good, as against any objection of that order, providing it states a substantial cause of action.

When it appears that defendant, as a common carrier, received the goods which plaintiffs caused to be delivered to it for carriage and that the goods, after a reasonable time for the transit, have not been delivered at their destination, a *prima facie* case of negligence on the part of the receiving carrier is made out, requiring the latter to present evidence, showing absence of fault on his part, either under his contract, or under the rules of law. *Murphy v. Staton* (1812), 3 Munf. 239; *Adams Express Co. v. Stettaners* (1871), 61 Ill. 184; *Davis v. Railroad* (1886), 89 Mo. 340.

"The liability of a carrier is discharged by a delivery of the goods. If he is an intermediate carrier, this duty is performed by a delivery to the succeeding carrier for further transportation, and an acceptance by him." *Pratt v. Railroad* (1877), 95 U. S. 43.

"In all cases, however, there must be a delivery by the carrier, or something tantamount to a delivery,

before he rids himself of his responsibility as such.''
*Rawson v. Holland* (1875), 59 N. Y. 611.

The petition in this case certainly shows that
defendant, as carrier, obtained possession of the goods
consigned to plaintiffs.

It was not essential to aver a consideration for the
assumption of obligation by the carrier. *Hall v. Che-
ney* (1857), 36 N. H. 26.

But it is insisted that a contract or duty as forwarder
only is alleged, as to that part of the journey
between East St. Louis and St. Louis.

That depends on the meaning to be given to the
words, ''to be forwarded by defendant to plaintiffs, at
the city of St. Louis,'' as they appear in this petition.

If that language is susceptible of any latitude of
construction, plaintiffs must receive the benefit of the
most liberal interpretation that is reasonable and fair,
under the statutory rule for the construction of pleadings,
above quoted.

In *St. Louis, etc., R'y Co. v. Piper* (1874), 13
Kan. 505, Judge BREWER, speaking for the court, in
construing the words ''to be forwarded,'' said:

''The company contracted 'to forward the cattle
from Kansas City to Chicago;' and the word *forward*,
as here used, seems to us to mean the same as 'transport,'
or 'carry' (*Mer. Mu. Ins. Co. v. Chase*, 1 E.
D. Smith, 121). Having contracted to carry the cattle
to Chicago, a contract it was competent to make
even though the carriage involved transportation beyond
its own line, it became responsible as a common
carrier, except so far as it limited that responsibility by
special contract.''

In the opinion of JOHNSON, J., in the court of
appeals of New York, in *Blossom v. Griffin* (1856), 13
N. Y. 576, discussing the same phrase, we find these
observations: ''The terms 'to be forwarded' instead of

importing an absolute and unqualified undertaking on the part of the defendants to deliver the goods to some carriers who should undertake to transport them, amount merely to an acknowledgment of the purpose for which the goods had been delivered by the owners, that is, to be forwarded or carried by the defendants themselves, under the existing arrangement."

In Anderson's Law Dictionary ("Forwarder") it is stated that "An agreement 'to forward' goods may still amount to a contract for carrying."

The word "forward," as applied to goods, has been judicially held to be equivalent to "carry" or "transport" in other cases, besides those already quoted. *Read v. Spaulding* (1859), 5 Bosw. 395; affirmed (1864), 30 N. Y. 630; *Southern Express Co. v. Newby*, (1867), 36 Ga. 635; *Christenson v. Express Co.* (1870), 15 Minn. 283.

It was entirely competent for defendant (though the line of its road, over which it was engaged in business as carrier, extended only to East St. Louis) to contract to carry to that point on its own line, and then to assume to deliver the goods at St. Louis or "forward them to plaintiffs" there, over the line of some other road.

"Forwarded by defendant" (which is the language of the petition) may reasonably mean this: in connection with the context; especially when it is immediately afterwards charged that, "defendant received said bags for said carriage and delivery, but has failed to deliver the same to plaintiffs," etc.

"While a railroad company can not be compelled to transport to a point beyond its own line, it is well settled that it may lawfully contract to carry persons and property over its own and other lines to a destination beyond its own route; and when such a contract is made, it assumes all the obligations of a carrier over

the connecting lines as well as its own." *Atchison, etc., R. R. Co. v. Roach* (1886), 35 Kan. 740. To the same effect are, *Baltimore, etc., R. R. Co. v. Campbell* (1881), 36 Ohio St. 647; *Railroad v. Pratt* (1874), 22 Wall. 123; *Mo. Pac. R'y Co. v. Twiss* (1892), 35 Neb. 267.

If defendant received the goods, in question here, for "carriage and *delivery* to plaintiffs at St. Louis," it was bound to such delivery; and the words "to be forwarded" should be given an interpretation consistent with that duty, as charged upon defendant.

The petition was filed January 19, 1893, and process was served the next day, as the record shows. The judgment mentions the former date as the "institution of the suit."

The petition alleged that the goods were delivered to defendant at Pekin, Illinois, in May, 1892. The failure to deliver them to plaintiffs at St. Louis before the beginning of the action, at the time disclosed by the record, sufficiently indicates an unreasonable delay in the carriage on the part of defendant. *Dawson v. Railroad* (1883), 79 Mo. 296. Or, at least, it furnishes a substantial foundation for the inference, or a finding by the trial judge, that that delay was unreasonable.

The allegation that there was a failure "to deliver the same to plaintiffs in good order," may mean either that they were not delivered at all, or were delivered in bad order; in either of which events, plaintiff's action would be maintainable.

We conclude that the petition states a cause of action, and accordingly affirm the judgment. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.