## Union Investment Association v. David S. Geer.
### Same v. Same.

1. CORPORATIONS—*Vice-President as Agent*—The vice-president of a corporation may act as its agent, and if he is by it so recognized and treated or held out to the world, his acts, within the scope of the authority given to him, are as binding as those of any other agent.

2. ESTOPPEL—*By the Conduct of a Party.*—Where a party so conducts himself as to lead others reasonably to believe that a person is his

agent, such party will not be permitted to deny the existence of the re-
lation he has induced others to believe existed.

3. TENDER—*When Unnecessary.*—Where a party owing an install-
ment on a bond is told that his bond is forfeited, and that no further
payments will be received from him, he is relieved from the necessity
of making further tenders of payment.

**Assumpsit,** for money had and received. Appeals from the County
Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.
Heard in this court at the March term, 1896. Affirmed. Opinion filed
June 11, 1896.

### STATEMENT OF THE CASE.

The suit last named is based upon certificate 84 of the
Tontine Bond and Investment Association, the bond being
dated January 1, 1891. The suit was brought before a jus-
tice of the peace; judgment was rendered there for $120.
The case was then appealed to the County Court. The ma-
terial parts of the bond sued on are as follows :

"No. 84.                                                    $500.

#### TONTINE BOND INVESTMENT ASSOCIATION.

This bond is issued to David S. Geer, subject to its terms
and those of the application therefor. It will be due and
redeemed when all lower numbered bonds have been paid
or lapsed and the redemption fund equals its redemption
value, as shown on the back hereof.  *   *   *

The failure to pay monthly dues herein in advance, with-
out notice, on or before the last day of each month, will
forfeit this bond and all payments made."

Upon the back of the bond is indorsed :

" Payment for and redemption of bonds shall be as
follows :

#### SCHEDULE OF PAYMENTS, SERIES C.

| Amount of Bond. | Entrance Fee. | Monthly Dues. |
|---|---|---|
| $500.00 | $7.00 | $2.00." |

The redemption value of C series being $50 for the
first year, and increasing by the sum of $50 for each year for
the period of ten years until the face amount of the bond is
reached.

It appears from the testimony that appellee, in January, 1891, was solicited by one Z. L. Tidball, who was then the vice-president of the defendant company, to purchase some bonds of the character set forth, of the defendant association. That he gave to Captain Tidball at the time of the purchase the sum of $27.94, which he said was the cost of the bond, and a day or two afterward received from Mr. Tidball's hands the bonds. It also appears at the time of the purchase of these bonds a written application was made therefor, and signed by Mr. Geer, the face of which application is as follows:

"APPLICATION FOR BOND.

TONTINE BOND INVESTMENT ASSOCIATION,

89 Madison Street, Chicago, Ill.

I hereby apply for six bonds in Series ' C.' I am aware that the monthly dues are due on the 1st day of each month, and they must, without notice, be paid in advance on or before the last day of the preceding month while the bond continues in force. I agree to pay the monthly dues in advance on or before the last day of each month hereafter, without notice, under penalty of forfeiture of my bond or bonds and all payments made thereon; if I do not, I agree to abide by and comply with the terms of this application and the bond or bonds issued to me.

DAVID S. GEER,

Address, Tacoma Building."

And at same time of the issuing of said bonds, a pass or receipt book was issued by the defendant company, at the top of which it says:

" The dues for the second month are payable in advance on or before the last day of the month in which your bond is issued, and on or before the last day of each succeeding month.

" Pay your dues in advance or early in the month and avoid the risk of lapse or the rush on the last day."

Then follows the receipt showing the receipts of the money by J. Dempsey, John P. Anderson and George Hampsen down to and including August 31, 1892.

It further appears that on March 31, 1891, the company

redeemed one of these bonds. On April 30th the company redeemed one; on September 30th the company redeemed one; and on February 29, 1892, the company redeemed one; and that the other two bonds, numbered, respectively, 75 and 84, remained in force and the dues were paid thereon up to and including the dues for the month of November, 1892, which were paid on the last day of October, of that year; and that on the 1st day of December, 1892, it being claimed by appellant that the December dues, which were to be paid on or before the 30th day of November, had not been paid, the bonds were declared forfeited by the officers of the company. It is claimed by Mr. Geer that on November 30, 1892, he paid to Mr. Tidball $4, by check; he failed to produce the check, but did produce a receipt for the $4, which is as follows:

" CHICAGO, November 30, 1892.

David S. Geer, Esq.,

DEAR SIR: Your remittance of $4.00 just received, and will pay for same to the Tontine Bond Investment Association in payment of assessments for December, on bonds 75 and 84, C series.

Yours truly,

Z. L. TIDBALL."

Mr. Geer says he did not know where the offices of the company were until after the forfeiture was declared; that he never made any inquiries as to who the officers of the Tontine Bond and Investment Association were until after they were forfeited; that he never went to the offices of the company to pay any of the dues; that it was all done through Captain Tidball, whom he knew; that he had taken one or two receipts from him, but not as a rule; that he gave him the money to pay; that he delivered the application to Captain Tidball; that he saw it before becoming a member. On December 2, 1892, it appears that after these bonds had been declared forfeited, Mr. Geer went to the office and tendered the amount due for dues upon these bonds, and was told there by the officers of the company in charge that the bonds had been forfeited, and that they could not accept his money.

BULKLEY, GRAY & MORE, attorneys for appellant, contended that officers of a corporation are special, not general, agents, consequently they have no power to bind the corporation except within the limits prescribed by the charter and by-laws. The principle that persons dealing with the officers of a corporation are charged with notice and authority conferred upon him, and of the limitations and restrictions upon it, contained in the charter and by-laws, is too well established to require to be supported by a citation of authorities. We can not assent to the proposition that there is any grant of power in the name by which the officer is designated. Beach on Corp., Sec. 384; Morawetz on Corp., Sec. 591.

Persons dealing with an agent of a corporation take the risk as to the extent of his authority. Theile v. Chicago Brick Co., 60 Ill. App. 559.

The president of a corporation has no implied authority to act as its agent. Wait v. Nashua Armory Ass'n, 14 Lawyers' Rep. An. 356, and note.

The president of a bank has no authority by virtue of office to surrender or release the claim of the corporation against any one, nor has the president of an insurance company any power to stay the collection of an execution in favor of the corporation.   17 Am. & Eng. Enc. of Law, 129, Par. E.

He who deals with a corporation is chargeable with notice of the purpose for which it was formed, and when he deals with its agents or officers he is bound to know their powers and the extent of their authority. This rule applies to foreign corporations as well as domestic corporations, and to corporations chartered by private acts of the legislature as well as to those whose charters are part of the general laws. 17 Am. & Eng. Enc. of Law, 142.

He who assumes to deal with a corporation through one of its members, must satisfy himself at his peril that the member has authority to act as agent of the corporation and that he is acting within the scope of his authority. Rice v. Peninsular Club, 17 N. W. Rep. 708; Beach on Corp., Sec. 187.

The vice-president of a corporation may act on the death of the president, although the law does not expressly provide for any vice-president, but mentions simply president and other officers. Coleman v. W. Va. O. O. & L. Co., 25 W. Va. 48. He may act as the president in signing a deed if there be no president. Smith v. Smith, 62 Ill. 493. He has no implied power to appoint agents to protect its lands or sell its lands. Chicago & N. W. R. R. Co. v. James, 22 Wis. 194; Wait v. Nashua Armory Ass'n, 14 Lawyers' Rep. An. 356, and note.

The authority to do an act does not imply the right to perform all acts, even of a similar nature. Smith v. State Ins. Co., 12 N. W. Rep. 542.

Persons dealing with a corporation are bound to take notice of the provisions of its charter, constitution and by-laws. Bocock v. Allegheny Coal & Iron Co., 82 Va. 913; D. E. Bort v. Albert Palmer Co., 35 Hun 386.

J. L. BENNETT, attorney for appellee.

The vice-president of a corporation is an agent within the purview of section 5, chapter 110, of the Revised Statutes of 1874. He is a regularly elected and acknowledged officer of the corporation. He acts as president in the absence of the latter from duty, exercising such authority as the president might himself were he present, and although it might be difficult to define, with any decree of certainty, what are his ordinary duties, yet he is an agent of the corporation. Cook v. Imperial Building Co., 152 Ill. 640; see also, Lycoming Fire Ins. Co. v. Ward, 90 Ill. 549; Hall v. Harper, 17 Ill., last par., p. 83; McDermid et al. v. Cotton, 2 Brad. 302; Connett v. City of Chicago, 114 Ill. 239.

Slight acts on the part of an officer of a corporation are sufficient to imply a ratification. 8 Am. & Eng. Ency. of L. 450.

A forfeiture clause in a policy will be construed most strongly against the insurer, and particularly against one who draws a contract containing a provision for a forfeit. Ch. C. Ry. Co. v. Blanchard, 35 Ill. App. 487.

Forfeitures are not favored by the law. Vil. of Morgan Pk. v. Gahan, 35 Ill. App. 652.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

These cases are so similar that but one opinion is written, it being applicable to each.

Appellant's brief contains the following:

" A vice-president is not an officer generally known to the law creating the corporation; he comes under the class usually known as ' such other officers and agents as shall be determined by the directors or managers.' He is, as this court has aptly said, a sort of a 'fifth wheel.' He is generally to act as president in case of the death, absence or inability of the president to act. He is a conditional officer. He is an officer at some future time after his election upon the happening of some contingency."

If all of appellant's contentions in this regard were conceded, still it would remain that the vice-president of a corporation may act as its agent, and if he be by it so recognized and treated or held out to the world, his acts, within the scope of the authority given to him, are as binding as those of any other agent. In other words, there is no reason why the vice-president of a corporation may not act as its agent, although not acting as president or vice-president.

In the present case, appellant permitted its vice-president, Z. L. Tidball, to solicit appellee to purchase its bonds. From January, 1891, to November, 1892, each month, it recognized payments by appellee to Tidball as properly made, and gave appellee proper credit and receipts therefor. Under these circumstances, appellant can not repudiate the payment made in the same manner by appellee, November 30, 1892, for which he took the receipt of Z. L. Tidball. Whether or not Mr. Tidball was then the vice-president of appellant is immaterial; he had been by it treated as its agent to receive dues, and still, apparently, was such.

Where a party so conducts himself as to lead others reasonably to believe that a person is his agent, such party

will not be permitted to deny the existence of a relation he has thus induced others to believe existed.    Fame Ins. Co. v. Ward, 4 Ill. App. 485–492; Ewell's Evans on Agency, 453; Lycoming Fire Ins. Co. v. Ward, 90 Ill. 545–549; Cook v. Imperial Bldg. Co., 152 Ill. 638–640.

That Mr. Tidball did not have an office in connection with the company in October or November, 1892, is immaterial.

Appellee having been told that his bond was forfeited, and that no further payment would be received from him, was relieved from the necessity of making further tenders of payment, and is entitled to recover as if the further payments had been made, they, with interest thereon, being deducted from the amount of the matured bond.    Pulling v. Travelers Ins. Co., 55 Ill. App. 452; 159 Ill. 603.    The judgment of the County Court is affirmed.