GEERDS *v.* ANN ARBOR RAILROAD CO.

1. RAILROADS—CONTRIBUTORY NEGLIGENCE — ANIMALS—NEGLIGENCE —DEFECT IN CATTLE GUARD.

   In an action for killing a cow of the plaintiff, which wandered over the cattle guard of defendant railroad company and was killed by its train, it was no defense to the plaintiff's claim that the cattle guard was defective, that he was guilty of contributory negligence in letting the animal graze in the highway.[1]

2. SAME—EVIDENCE—CATTLE GUARDS.

   The issue being whether the cattle guard had become filled with gravel and cinders, no error was committed in ruling out testimony offered in defense of the action that cattle would sometimes pass over guards which were in repair.

3. SAME—EVIDENCE—IMPEACHMENT—ADMISSION.

   Nor was it improper to permit the plaintiff to ask defendant's section foreman, on cross-examination, whether he had not stated on the evening of the day on which the cow was killed that he knew the guard was not in good condition and the cow could walk over it, to discredit

---

[1] On the question of the effect of contributory negligence of owner of stock getting on railroad track through defects in cattle guards, see note in 36 L. R. A. (N. S.) 1000.

his testimony, given on direct examination, that the guard was sufficient; the court having restricted the evidence to that purpose alone.

4. TRIAL—ARGUMENT—SPECIAL QUESTIONS.

Where the jury returned into court with a general verdict and omitted to answer certain special questions that the defendant had submitted, and the court instructed them to retire and answer them, and the jury asked for an explanation, and where the plaintiff's attorney stated what he understood the question to mean, and defendant's attorney participated in the proceedings, *held*, that if what the attorney for plaintiff said amounted to argument, it was not reversible error under the circumstances.

Error to Missaukee; Lamb, J. Submitted April 30, 1914. (Docket No. 59.) Decided June 1, 1914.

Case by Herman Geerds against the Ann Arbor Railroad Company for the negligent killing of a cow. Judgment for plaintiff. Defendant brings error. Affirmed.

*E. F. Sawyer,* for appellant.

*Gaffney, Miltner & Millington,* for appellee.

BIRD, J. Plaintiff recovered a judgment for the value of a cow, which wandered over one of defendant's cattle guards in Missaukee county, onto the right of way, where she was killed by a passing train. The negligence relied upon was the failure of defendant to properly maintain the cattle guard; the specific neglect being its failure to keep the spaces between the slats constituting the guard free from sand and dirt. The question as to whether the spaces were filled or were free at the time the cow passed over it was the principal issue in the case. Several witnesses testified that they were filled nearly to the top of the slats with sand, dirt, and cinders. The section men testified that they were free. The issue having been determined in plaintiff's favor, defendant assigns error.

1. It is argued that plaintiff was guilty of contributory negligence, because he permitted the cow to graze in the highway. If we concede this, it would be no defense to the defendant, in an action like the present one, under the statute, for failure to keep its fences in "effective repair." *Flint, etc., R. Co.* v. *Lull,* 28 Mich. 510; *Grand Rapids, etc., R. Co.* v. *Cameron,* 45 Mich. 451 (8 N. W. 99); *Talbot* v. *Railway Co.,* 82 Mich. 66 (45 N. W. 1113); *La Flamme* v. *Railway Co.,* 109 Mich. 509 (67 N. W. 556); *Neversorry* v. *Railway Co.,* 115 Mich. 146 (73 N. W. 125); *Hathaway* v. *Railway Co.,* 124 Mich. 610 (83 N. W. 598).

2. Defendant was denied the privilege by the trial court of showing that cattle will go over these guards when in perfect repair. This is assigned as error. This action is based upon the allegation that this particular guard was filled up, and thereby rendered less effective, and it was frankly stated by plaintiff's counsel that, if the jury found it was not, the plaintiff had no case. No complaint was made as to the plan or construction of the guards, but was aimed at defendant's failure to maintain it in effective repair. It was testified to without contradiction that to allow the spaces to become filled would lessen the efficiency of the guard. It was therefore immaterial that cattle would sometimes go over them when they were in repair.

3. The section foreman testified that the guard was not filled up. On cross-examination, he was asked if he did not say to the plaintiff on the evening of the day of the accident that, "You were glad you were not on the section that day, that you knew it was not in good condition, that the cow could walk right over it." Objection was made to this question on the ground that the admission of the section foreman could not bind the defendant. Counsel for plaintiff then stated that it was asked for the purpose of laying the foundation to attack his credibility. The trial court per-

mitted the answer. Later, upon rebuttal, plaintiff was asked whether he had had such a conversation with the section foreman, and he was permitted, over defendant's objection, to answer that he did; the court at the time making it clear to the jury that it was allowed for the purpose, only, of affecting the credibility of the section foreman. The testimony was competent for this purpose, and no error was committed in receiving it.

4. Two special questions were submitted to the jury, but they returned and announced their general verdict without answering the special questions. The following colloquy between court, counsel, and juror then took place:

"*By the Court:* Gentlemen, there is one part of your verdict that you have not announced. I instructed you that, if you found for the plaintiff, you must answer those two questions, 'Yes' or 'No,' all sign your names to it. So you will have to return to your jury room and answer these questions, as I instructed you, by 'Yes' or 'No,' and then each one of you sign it, and each of you will have to agree on the answers to these questions the same and on your general verdict.

"*By a juror:* For what reason, or for what cause, are we to answer these questions?

"*The Court:* These questions are essential parts of the case. Your general verdict you have already given, but these are specific questions bearing upon specific facts.

"*Mr. Gaffney:* This question, Did the cow come up on the railroad track between the rails the 7th day of May—

"*Juror:* No, it don't read that way.

"*Mr. Gaffney:* Well, that is what it means.

"*Mr. Sawyer:* Why, of course. What else could it mean?

"*The Court:* That applies to and means the 7th day of May, gentlemen.

"*Mr. Sawyer:* Certainly, it couldn't mean any other time.

"*Juror:* The question: Was it between the railroad rail and the fence on the cattle guard or between

the fence and the cattle guard, that we are to decide upon.

"*Mr. Gaffney:* It is the claim of the plaintiff that the cow went upon the railroad track between the rails because the track indicated that, that was seen. Now counsel wants you to answer: Did the cow go over the cattle guards between the rails of the railroad, or did it go upon the right of way between the rail and the fence? That is the question.

"*Juror:* I don't see how we can decide that.

"*Mr. Gaffney:* From the evidence in the case.

"*Mr. Sawyer:* Well, now, I don't think this is the proper place to discuss this. This jury was instructed by the court to answer these questions.

"*The Court:* Retire to your jury room, gentlemen."

Error is assigned because plaintiff's counsel instructed the jury how to answer the questions. We do not draw that inference from the record. The jury evidently did not understand what they were to do, and plaintiff's counsel merely attempted to assist the court in making it plain to them what was required of them. Defendant's counsel also joined in this attempt. If it can be said that what plaintiff's counsel stated in the presence of the jury was an argument, it does not amount to reversible error. *Zucker* v. *Karpeles,* 88 Mich. 413 (50 N. W. 373). In this case it was said:

"Counsel are not obliged to furnish special questions until after the arguments are closed, but if they do so, there is no reason why they should not be discussed if they relate to the merits of the controversy."

The other errors have been examined, but we think there is no merit in them. The judgment of the trial court will be affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.