## GRIFFIN v. SEABOARD AIR LINE RY. CO.

District Court, W. D. Missouri, W. D.
November 2, 1928.

No. 7192.

Madden, Freeman & Madden, of Kansas City, Mo., for plaintiff.

Charles Miller, of Kansas City, Mo., for defendant.

OTIS, District Judge. While there is no allegation in the petition to that effect, it was asserted upon the argument of this motion that the plaintiff is a resident of Missouri. The defendant is a nonresident railway corporation. Plaintiff seeks to recover damages for personal injuries sustained by him in Florida, due to the alleged negligence of the defendant. The defendant operates no line of railroad in Missouri, or in the Western district of Missouri, but does maintain in Kansas City an office for the solicitation of business. Service of process in this case was upon a clerk in that office then in charge of the office.

The service was good, provided section 1186, R. S. Mo. 1919, is constitutional. Section 1186 in part reads:

"A summons shall be executed, * * *

where the defendant is a corporation * * * organized under the laws of any other state or country, and having an office and doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business. * * * "

The service here conformed with the provisions of this section. Davis et al. v. Jacksonville Eastern Line, 126 Mo. 69, 28 S. W. 965.

The motion to quash is on the theory that the statute mentioned is unconstitutional, in that it imposes an unreasonable burden on interstate commerce. The decision of the Supreme Court of the United States in Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996, is relied on. In that case the Supreme Court held a similar statute of Minnesota unconstitutional, if applied in a case brought by a nonresident of Minnesota against a nonresident corporation. It was not held that, if applied to a case brought by a resident of Minnesota, it would be unconstitutional. The Supreme Court made it clear that that question was not determined in the case. No case has been cited directly supporting defendant's contention here.

In Maverick Mills v. James C. Davis, 294 F. 404, the District Court for the District of Massachusetts held a similar statute of that state not unconstitutional, where the plaintiff was a resident of the state, and where also the shipment involved in the case was destined to a point in Massachusetts, although the defendant had no railway line in Massachusetts. The case was distinguished by the District Court from the Davis Case by the presence in the Massachusetts case of two facts not in the Davis Case, namely, the residence in Massachusetts of the plaintiff and the destination of the shipment involved to Massachusetts. In the present case there is only one of these two distinguishing facts, so that the Massachusetts case is more distinguishable from the Davis Case than the one here.

The Missouri statute is presumed to be constitutional, and I think should not be held invalid by this court, in view of the intimation in the Davis Case that the residence of the plaintiff within the state in which the suit is brought might be a fact of much importance in determining the reasonableness of the statute. It is clearly an unreasonable burden upon interstate commerce to compel a railway corporation to defend an action in a state in which it does not operate, except for the maintenance of a commercial agency,

and in which the plaintiff does not reside; but it is by no means clear that it is an unreasonable burden to require a railway corporation to defend in a state in which it does maintain a commercial agency and in which the plaintiff does reside.

The motion to quash is overruled.