## GRIFFIN v. SEABOARD AIR LINE RY. CO.

District Court, W. D. Missouri, W. D.
January 29, 1930.

No. 7551.

Madden, Freeman & Madden, of Kansas City, Mo., for plaintiff.

Charles M. Miller, of Kansas City, Mo., for defendant.

REEVES, District Judge. The defendant has moved to quash the summons and return in this case, and has requested the court to deny jurisdiction. Heretofore substantially the same case was before this court. At that time a similar motion was filed and overruled by Judge Otis. The question then

urged was whether valid service was had upon an officer of the corporation and whether the statute relating to service of summons on foreign corporations was constitutional.

The question as to whether the defendant was doing business in Missouri, within the purview of the service statute, was not then considered. That question, among others, is now presented.

Judge Otis prepared a memorandum opinion which is reported in (D. C.) 28 F.(2d) 998. I agree with it in full. However, a new and controlling question is now urged.

The motion to quash the summons and return of the sheriff is predicated, in part, upon an allegation that the officer served "was, and always has been, only a commercial representative of defendant solely for the purpose of soliciting freight for interstate commerce for the Seaboard Air Line Railway Company, which is a foreign railroad corporation, created under the laws of a foreign state and has no line of railroad within the state of Missouri and never has had nor does it operate or has it ever operated a line of railroad in the state of Missouri and does not, nor has it ever done, any business in the state of Missouri, and no act whatsoever, except through its commercial representative in soliciting freight for interstate commerce for the Seaboard Air Line Railway."

The petition in the case shows that the accident on account of which plaintiff seeks to maintain his suit occurred in the state of Florida. It is unnecessary to consider any other question save the one relating to the matter of "doing business in this state" by the defendant.

The motion to quash has been verified, and the facts stated therein are not disputed.

Under the authority of Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, such transactions would not bring the defendant within the purview of the Missouri statute relating to the subject of serving process. Note the language of the court, loc. cit. 533 and 534 of 205 U. S., 27 S. Ct. 595, 596, relating to a similar state of facts: "The business shown in this case was, in substance, nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

In Mechanical Appliance Co. v. Castleman, 215 U. S. 437, loc. cit. 442, 30 S. Ct. 125, 128, 54 L. Ed. 272, it was expressly held that "we think the return of the sheriff of the state court was not conclusive upon the question of service. For when the question was raised in the circuit court of the United States, the jurisdiction of the court would fail if it appeared that the corporation attempted to be served was not doing business in the state of Missouri."

In the case of Cancelmo v. Seaboard Air Line Ry., 56 App. D. C. 225, 12 F.(2d) 166, 169, the Supreme Court of the District of Columbia had before it an identical situation. The court said: "A railroad company which has no tracks within a district is not doing business therein, in the sense that liability for service is incurred because it hires an office and employs an agent for the merely incidental business of solicitation of freight and passenger traffic."

The District Court of the Western District of Washington, in the case of Klabzuba v. Southern Pacific Co., 33 F.(2d) 359, reached the same conclusion. In fact, the cases run with much unanimity to the same effect. In a very recent case of Michigan Central Railroad Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 208, 73 L. Ed. 470, the court passed upon a similar state of facts and ruled against the validity of the service. In that case it was pointed out that the defendant "has never done any business there, except soliciting freight for transportation in interstate commerce over its lines in other states. For this limited purpose it maintains an office at St. Louis. Upon its agent in charge of that office the sheriff made service of the summons."

The court held that Davis v. Farmers' Co-operative Co., 262 U. S. 312, 43 S. Ct. 556, 558, 67 L. Ed. 996, and Atchison, Topeka & Santa Fé Ry. Co. v. Wells, 265 U. S. 101, 44 S. Ct. 469, 68 L. Ed. 928, were controlling in the Mix Case. Since the Wells Case was decided wholly upon the authority of the Davis Case, supra, reference should be made to the latter. In said case a Minnesota statute compelled every foreign interstate carrier to submit to suit there as a condition of maintaining a soliciting agent within the state. The court held that such a condition imposed upon interstate commerce a serious and unreasonable burden, which renders the statute obnoxious to the commerce clause. "Avoidance of waste, in interstate transportation, as well as maintenance of service, has become a direct concern of the public. With these ends the Minnesota stat-

ute, as here applied, unduly interferes. By requiring from interstate carriers general submission to suit, it unreasonably obstructs, and unduly burdens, interstate commerce."

From this opinion it is easily ascertainable that the court followed the established rule that a soliciting agent was not doing business in the state within the purview of the service statute. The court unhesitatingly declared a statute unconstitutional if it imposed upon the carriers the obligation to submit to general suit as a condition precedent to the transaction of business by the soliciting agent. In the instant case the Missouri statute imposes no such condition. · Neither does the Missouri statute provide for service of summons upon nonresident corporations except in cases where such corporations are doing business in the state.

Under the authorities, the defendant in the case at bar was not doing business in the state of Missouri, and in consequence was not subject to service of process.

The motion to quash summons and the return of the sheriff will be sustained, and the case will be dismissed for want of jurisdiction.