G. S. JUDD, Respondent, v. ELLA G. SMOOT, Appellant.

**Kansas City Court of Appeals, March 3, 1902.**

1. **Trial Practice: SHERIFF'S RETURN: AMENDMENT: LAPSE OF TIME: EVIDENCE.** Such a showing may be made that even after a lapse of ten years a court will be justified in allowing a sheriff to amend his return of service; and the evidence in this case fails to show an abuse of his discretion by the trial court.

2. ———: ———: ———: **EVIDENCE.** Evidence to authorize the amendment of the sheriff's return need not be based on the record; but the right to amend may be established by matter *in pais*.

Appeal from Barton Circuit Court.—*Hon. W. W. Graves, Special Judge.*

AFFIRMED.

*Willis H. Leavilt* and *Marley & Swearingen,* for appellant.

(1) Return of process is part of record. Estes v. Cook, 12 R. I. 6. (2) Amendments should not be allowed when injustice is more likely to be done. Thompson v. McHenry, 18 Ark. 537; Flint v. Phipps, 20 Oreg. 340; Williams v. Sharp, 70 N. C. 582; See v. Bobst, 9 Mo. 28. Or takes away a defense. Henderson v. Graham, 84, N. C. 496; Phillips v. Holland, 78 N. C. 31. (3) The court certainly abused its discretion in permitting the ex-sheriff to make a return of substituted service in place of his return of personal service, when such change is based upon the memory only of the ex-sheriff. Scruggs v. Scruggs, 46 Mo. 273; Grocer Co.

v. Carlson, 67 Mo. App. 179; Brecht v. Corby, 7 Mo. App. 300; Fogg v. Bowman, 5 Mo. App. 579; Hovey v. Wait, 17 Pick. 196; Haven v. Snow, 14 Pick. 28; Corthell v. Egery, 74 Me. 44; Currier v. Bartlett, 122 Mass. 133; Thatcher v. Miller, 13 Mass. 270; Dobyns v. United States, 3 Cranch Supt. Ct. United States, 242.    (4)    An officer's return being a part of record, any amendment thereof partakes of the nature of a *nunc pro tunc* entry and should be made only on similar proof.    *Nunc pro tunc* entries can only be made when the record shows the facts authorizing them—never upon parol testimony.    Saxton v. Smith, 50 Mo. 490; Priest v. McMaster, 52 Mo. 60; Dunn v. Raley, 58 Mo. 136; McGonigle v. Bresnen, 44 Mo. App. 425; Railroad v. Holschlag, 144 Mo. 253; Williams v. Walton, 84 Mo. App. 436; Page v. Chapin, 80 Mo. App. 159.

*Thurman, Wray & Timmonds* for respondent.

(1)    The amendment of a sheriff's return is not governed by the same character of evidence that *nunc pro tunc* entries of courts are governed.    The rule applicable to entry of *nunc pro tunc* judgments has no application to returns made by ministerial officers.    Bohm Bros. v. Stivers, 75 Mo. App. 291; Webb v. Elliott, 75 Mo. App. 557; Railroad v. Holschlag et al., 144 Mo. 253.    (2)    A sheriff may amend his return at any time before or after judgment, by express provision of our statute which has received the sanction of our courts from the earliest decisions down to the present time; and there is no limitation as to time or the character of the testimony except that it be reasonably sufficient to satisfy the court in which the amendment is sought to be made that when the amended return is made it will speak the truth. R. S. 1899, sec. 670; Muldrow v. Bates, 5 Mo. 214; Blaisdell v. Steamboat, 19 Mo. 158; Corby v. Burns, 36 Mo. 194; Webster v. Blount, 39 Mo. 500; Magrew v. Foster, 54 Mo.

258; Phillips et al., v. Evans et al., 64 Mo. 17; Transier v. Railroad, 54 Mo. 189; Turner v. Railroad, 78 Mo. 578; Malone v. Samuel, 13 Am. Dec. 172, note 172-181; Allison v. Thomas, 72 Col. 362; Railroad v. Ashby, 86 Va. 232; Freeman on Ex., secs. 63, 358, 359; Kitchen v. Reinsky, 42 Mo. l. c. 436; Jeffries v. Rudloff, 73 Iowa 60.    (3)    It is not the rule in any state in the Union to-day that the evidence that will warrant an amendment of the return to original process must be evidenced by written memoranda.    The generally accepted rule is that any evidence that will satisfy the court that the proposed amendment will accord with the facts, will warrant the amendment.    Barlow v. Sanford, 82 Ill. 298; Recards v. Ladd, 4 Pacific C. L. J. 52; Kirkwood v. Reedy, 10 Kan. 453.    Cases cited under fourth point. Sec. 670, R. S. 1899.

ELLISON, J.—This is a proceeding founded on a motion asking that G. W. B. Garrett, sheriff of Barton county in 1891, be permitted to amend his return of service of Ella Smoot in a cause pending against her and her husband in the circuit court of that county.    The trial court granted the motion and permitted the amendment.    A trial was had in which oral evidence was heard and records were introduced. Some objections and exceptions were taken by the appellant herein to the rulings of the court on the evidence, and the action of the court in sustaining the motion was excepted to. A bill of exceptions was allowed and filed, and appeal taken.

We can not say, as a matter of law, that a sheriff can not be allowed to amend his return on a summons ten years after his term has expired.    Such a showing may be made as will justify a court in permitting such amendment in the exercise of its judicial discretion.    Defendant, however, contends that the evidence shows an abuse of discretion by the trial court.    We have examined the evidence and find the point not well taken.    We are satisfied to the contrary.    The

authorities cited by defendant are not considered as opposing this view.

It is a part of defendant's contention that an amendment could not be made except that it be based on record evidence, such as justifies entering judgment *nunc pro tunc.* We do not think that this is necessarily so. An amendment of a return of writ of summons implies that there were a summons and a return. The right to amend the return may be established by matter *in pais.* The statute does not require record evidence (sec. 670, R. S. 1899), and the authorities in brief of respective counsel do not.

The judgment is affirmed. All concur.