# THE STATE ex rel. TEXAS PORTLAND CEMENT COMPANY v. MOSES N. SALE, Judge.

In Banc, December 31, 1910.

1. **SERVICE OF PROCESS: On Domesticated Foreign Corporation: No Other Service Possible.** The fact that unless the service of summons upon the clerk of a foreign corporation licensed to do business in this State, "he being at the time in said defendant's usual business office and in charge thereof," is sufficient and valid, said company can obviate service altogether and there is no way to bring it into court in the particular case, is no reason for holding such service sufficient. The service must be good under the statute, or it is not good at all. The foreign corporation must in this State maintain a public office and place "where legal service may be obtained upon it," and if it fails to do that it can by proper proceeding be ousted.

2. ———: ———: **Return: Binding on All.** The return of the sheriff is binding on all courts until amended by him; and the sufficiency of the service must be determined by the facts narrated in that return and by them alone.

3. ———: ———: **Upon Clerk.** A foreign corporation having an office and doing business in this State must so maintain said office that "legal service may be obtained upon it;" and hence if the company places in charge of the office which it is required by law to keep in this State a man whom it denominates a "clerk," then such clerk is an "agent" for the purpose of obtaining service of process upon such corporation. A return reciting that the writ was executed "by delivering a copy of the writ and petition as furnished by the clerk to R. M. Hatfield, clerk of said defendant, the Snow Steam Pump Works, he being at the time in said defendant's usual business office and in charge thereof. The president or other chief officers of said defendant could not be found in the city of St. Louis at the time of service, said defendant, the Snow Steam Pump Works, being a foreign corporation, having an office and doing business in the city of St. Louis," etc., is

a sufficient and valid service of summons. A "clerk" is an "agent" within the meaning of the statute permitting the service in such case to be made "by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business." In such case it will be presumed that the company placed said clerk in charge of the office as its agent to receive service of process.

4. ————: ————:˙Appearance: Waiver: Petition to Remove Cause to Federal Court. The filing of a petition in the State court by the foreign corporation to remove the cause to the Federal court is an entrance of appearance of said defendant, and a waiver of all objection to any defect in the sheriff's return. And that must be the·ruling, although defendant's petition recites that it appears "specially and for the sole and single purpose of presenting this petition for removal."

## Mandamus.

Peremptory writ awarded.

*Edward D'Arcy* and *Percy Werner* for relator.

(1) The sheriff's returns show a good service, having been made on the defendants' representative in charge of their offices. It is not necessary that service on a corporation be had on its general agent. Davis v. Southeastern Line, 126 Mo. 69; Newcomb v. Railroad, 182 Mo. 705. (2) The person who is in charge of defendant's office at the time of service is the proper person to be served. Davis v. Southeastern Line, supra. (3) The object of the Legislature in providing for service on foreign corporations doing business in Missouri was "to render the service of summons as facile and effective as it already was on individuals and domestic corporations." McNichol v. Mercantile Agency, 74 Mo. 457; McAllister v. Ins. Co., 28 Mo. 214. (4) It is the duty of a foreign corporation doing business in this State, to maintain a public office for the transaction of its business, "where legal service may be obtained upon it." R. S. 1899, sec. 1024; R. S.

1909, sec. 3037. (5) The fact that the defendant corporations have appeared in court to object to the service shows that, as a matter of fact, information of the service was conveyed to them by Hatfield. Abbeville Co. v. Western Co., 85 Amer. St. (S. C.) 896. (6) Service on an employee of a corporation in possession of its property is good. Saunders v. Nursery, 6 Utah, 431. (7) Service of this kind "is founded in the necessity of the case." Considerations of convenience and necessity underlie all judicial construction of statutes. Fanny v. State, 6 Mo. 142; 4 Bacon's Abridgment, 652; Broom's Maxims (8 Ed.), *185.

*Nagel & Kirby* for respondent.

(1) Mandamus will not lie to control a judicial act or compel a court to enter any particular judgment. It lies only to compel the performance of a ministerial duty. State ex rel. v. Garesche, 65 Mo. 489; State ex rel. v. Klein, 140 Mo. 502; State ex rel. v. Fort, 180 Mo. 97. (2) Mandamus will not lie where a court has not declined to proceed with a cause but has simply held the service of summons to be insufficient. State ex rel. v. Field, 107 Mo. 445; State ex rel. v. Broaddus, 207 Mo. 107. (3) Mandamus cannot be used to perform the office of an appeal, and where the remedy by appeal is adequate, the mandmus will not lie. State ex rel. v. Lubke, 85 Mo. 338; State ex rel. v. Megown, 89 Mo. 156; State ex rel. v. Smith, 105 Mo. 6; State ex rel. v. Rombauer, 125 Mo. 632; State ex rel. v. McKee, 150 Mo. 233. (4) In this case relator could have signified its intention to stand on the return as made and demanded a dismissal of the action, from which judgment it could have appealed and thus secured a review of the question of jurisdiction. Gilstrap v. Felts, 50 Mo. 431; Bank v. Armstrong, 92 Mo. 265. (5) Statutes authorizing substituted service must be strictly construed, and everything must be inferred against

the return which its departure from the statute will warrant. Blanton v. Jamison, 3 Mo. 52; Bank v. Suman, 79 Mo. 528; Haley v. Railroad, 80 Mo. 112; Gamasche v. Smythe, 60 Mo. App. 161; Cloud v. Pierce City, 86 Mo. 357. (6). The statute (sec. 570, R. S. 1899) differentiates between the manner of service on foreign corporations having an office and those not having an office. In the first case, the service must be upon an officer or agent in charge of such office, while in the other case, the service may be upon any officer, agent or employee—clearly indicating a distinction between agents and employees. (7) Defendants can be brought into court only by summons served in the proper manner. It is not sufficient that a copy of the summons reaches them in an unauthorized way. State ex rel. v. Myers, 126 Mo. App. 549; Newcomb v. Railroad, 182 Mo. 706.

GRAVES, J.—Relator seeks by mandamus to compel Hon. Moses N. Sale, one of the judges of the circuit court of the city of St. Louis, to proceed with a certain cause wherein the relator, Texas Portland Cement Company, a corporation organized and existing under the laws of West Virginia, is plaintiff, and the International Steam Pump Company, a corporation of New Jersey, and the Snow Steam Pump Works, a corporation of New York, are defendants. The action is one to recover $1,500,000 damages for breach of a certain contract in the petition fully described.

The history of the case both below and here is this: Relator filed its petition in the circuit court November 15, 1909, and had a summons issued to each of the defendants. These two instruments being placed in the hands of the sheriff of said city, he executed them in the following manner as shown by his return thereon:

"Executed this writ in the city of St. Louis, Missouri, on this 15th day of November, 1909, by deliver-

ing a copy of the writ and petition as furnished by the clerk to R. M. Hatfield, clerk of said defendant, International Steam Pump Company, he being at the time in said defendant's usual business office and in charge thereof. The president or other chief officers of said defendant could not be found in the city of St. Louis at the time of the service, said defendant, International Steam Pump Company, being a foreign corporation, having an office and doing business in the city of St. Louis and State of Missouri, at the time of service.

"Louis Nolte, Sheriff,

"By D. Kretschmer, Deputy.

"I further executed this writ in the city of St. Louis, Missouri, on this 15th day of November, 1909, by delivering a copy of the same as furnished by the clerk to R. M. Hatfield, clerk of said defendant, the Snow Steam Pump Works, he being at the time in said defendant's usual business office and in charge thereof. The president or other chief officers of said defendant could not be found in the city of St. Louis at the time of service, said defendant, the Snow Steam Pump Works, being a foreign corporation, having an office and doing business in the city of St. Louis and State of Missouri, at the time of service.

"Fee $2.00.          Louis Nolte, Sheriff.

"By D. Kretschmer, Deputy."

On December 18, 1909, each defendant appeared specially and filed a motion to quash the service. The motions are the same in language, and one will suffice. That of the Steam Pump Company reads:

"The International Steam Pump Company, one of the defendants herein, appearing specially and for the sole and single purpose of presenting this motion, moves the court to quash the service of the summons on the International Steam Pump Company for the reason that it appears from the return of the sheriff on said summons that said defendant has an office in the city of St. Louis, Missouri, and that said summons was

served upon a 'clerk' of said defendant and not upon an 'officer or agent' thereof as required by the provisions of section 570, Revised Statutes of Missouri 1899.''

These motions were sustained by the circuit court May 26, 1910, and on May 27th relator filed a motion to compel defendants to plead, answer or demur to relator's petition. This motion the court overruled. Respondent did not refuse to permit the sheriff to amend his return. Nor did relator ask for *alias* process or take other steps than above indicated. June 28, 1910, an alternative writ of mandamus was issued by this court upon application of relator, to which Judge Sale has made full return, and from which returns we have gathered the facts herein stated. Relator filed a motion for judgment upon the pleadings, so that the case stands here upon the admissions made in the return. Respondent Sale seeks the judgment of this court upon the merits, and to that end there is presented the sole question of the sufficiency of these returns. Other questions are discussed in the briefs, but were waived in the oral argument at request of respondent, who deemed the question presented upon the returns as a very important one to the circuit court of the city of St. Louis, where many such suits are pending and others being continuously brought. This outlines therefore the sole issue in the case. The chief bone of contention is the sufficiency of these words in the return: "R. M. Hatfield, *clerk* of said defendant . . . he being at the time in said defendant's usual business office and in charge thereof.''

Respondent contends that the service upon a "clerk" does not meet the demands of the statute; relator, *contra*.

This sufficiently states the case.

I.   It is urged that if these defendants in the suit mentioned cannot be served in the manner indicated by

the return of the sheriff, then they can obviate service of process entirely. This may be true, yet it will not make this service good, unless it is good under the statute. The statute has designated the manner of service and the service must comport with the reasonable intendment of the statute as expressed by its terms. If these corporations are doing business in Missouri by license of the State, as it appears from the record they are, there is a method of reaching them without doing violence to the statute pertaining to service of process.

A part of section 3037, Revised Statutes 1909, reads: "Every corporation for pecuniary profit formed in any other State, territory or country, before it shall be authorized or permitted to transact business in this State, or to continue business therein if already established, *shall have and maintain a public office or place in this State for the transaction of its business, where legal service may be obtained upon it,* and where proper books shall be kept to enable such corporation to comply with the constitutional and statutory provisions governing such corporations; and such corporation shall be subjected to all the liabilities, restrictions and duties which are or may be imposed upon corporations of like character organized under the generals laws of this State, and shall have no other or greater powers."

The foreign corporation must maintain an office where legal service may be obtained upon it, and to maintain such an office it must keep therein and thereat such a person as is designated by the statute pertaining to service of process, upon whom process may be served. If such corporation fail so to do it can by proper proceeding be ousted from its right to do business in the State because of this flagrant violation of the law. So that we are not impressed with the idea of relator's suggestion as above mentioned. With this suggestion to the side we take up the real question next.

II. That portion of the statute in which we are interested (R. S. 1909, sec. 1760; R. S. 1899, sec. 570) reads:

"A summons shall be executed, except as otherwise provided by law, either: . . . . or fourth, where defendant is a corporation or joint stock company, organized under the laws of any other State or country, and having an office or doing business in this State, by delivering a copy of the writ and petition to *any officer or agent* of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to *any officer, agent, or employee* in any county where such service may be obtained, and when had in conformity with this subdivision, shall be deemed personal service against such corporation and authorize the rendition of a general judgment against it."

Certain portions of the above section have been omitted as they are not relevant to this contention.

These corporations had a place of business in this State and therefore came within the first portion of the paragraph, which requires the summons to be delivered to an officer or agent of the corporation. We can only discuss this question from the standpoint of the returns made by the sheriff. In this proceeding, as well as in the proceeding in the lower court, his returns are binding upon all parties. If false he is liable upon his bond, but the statements therein are the facts as to the service, so far as our consideration of the matter goes. From the record before us, it appears that the sheriff refused to amend his return, showing that he thought that there was a difference betwen the term "agent" as used in the statute, and the term "clerk" as used in his returns. The circuit court has taken the same view of it.

Ordinarily speaking there is a difference between "clerk" and "agent." This difference is discernible by the following definition of "clerk" from the Cyclo-

pedic Law Dictionary, p. 157: "A person in the employ of a merchant, who attends only to a part of his business, while the merchant himself superintends the whole. He differs from a factor in this that the latter wholly supplies the place of his principal in respect to the property consigned to him. [Pardessus, Dr. Com., note 38; 1 Chit. Pr. 80; 2 Bouv. Inst., note 1287.] A general name for salesmen, bookkeepers, amanuenses, and other employees of that class. A person employed in an office, public or private, for keeping records or accounts."

If it were an original proposition in this State much might be said for the contention made by respondent. But as we take it, to this court it is not a new contention. In the case of Davis v. Jacksonville Southeastern Line, 126 Mo. l. c. 75, this court said:

"Measuring the return, then, by the requirements of the statute, we see at a glance that the real question is whether service upon a named person, 'freight solicitor' of the defendant, in charge of its business office at the time of said service, in the city of St. Louis, is good. Stating the point in a different form, the question is whether a 'freight solicitor' in charge of a railway business office is, or is not, to be held an 'officer or agent of such corporation,' within the meaning of the law governing the service.

"The return should receive a reasonable and natural interpretation. It must be fairly construed and effect be given to its plain intent and meaning. [Mikel v. Railroad, 54 Mo. 145; Hill v. Ore & Steel Co., 90 Mo. 103; Pope v. Terre Haute, etc., Co., 87 N. Y. 137.]

"We do not doubt that 'freight solicitor' is a sufficient designation of an agent on whom service may properly be made, when in charge of the defendant's business office. [Palmer v. Pennsylvania Co., 35 Hun, 369; affirmed, 99 N. Y. 679; Talbot v. Railroad, 82

Mich. 66; In re Hohorst, 150 U. S. 653; Cook v. Imperial Bldg. Co., 152 Ill. 638.]''

The return in that case was in this language:

''Executed this writ in the city of St. Louis, Missouri, on the twentieth day of January, 1893, by delivering a copy of the writ and petition as furnished by the clerk to A. A. Poland, freight solicitor of the Jacksonville Southeastern Line, the within named defendant, who was in its business office and had charge thereof at the time of said service; the president or any higher chief officer could not be found in the city of St. Louis, Missouri, at the time of said service. Fee, $1.00.

''PATRICK M. STAED, Sheriff.

JOSEPH F. SCHERMEN, Deputy.''

If the foregoing return is good as this court held then, the returns in the case at bar are good. The theory of the law as announced in the Davis case, supra, is this: Under the law the foreign corporation having an office and doing business in this State must so maintain said office that ''legal service may be obtained upon it.'' With this view of the law in the Davis case we held that if the said foreign corporation left in charge of this office required to be kept by statute a freight solicitor, then such freight solicitor was an agent for service within the purview of the statute. So in the case at bar if the defendant corporations in the suit pending *nisi*, left in charge of their office required to be kept by this statute a man whom they denominate a ''clerk,'' then such clerk is an agent for the purpose of obtaining service upon the corporation. If they maintain an office, then the law compels them to so maintain it as to enable the citizens of this State to procure service upon them, and it is to be presumed that when this corporation left Hatfield in charge of their office, they left him there in compliance with the statute, i. e., that he was left there as their agent in so far as the matter of receiving ser-

vice is concerned. The returns show he was in charge
of the office. It is not to be presumed that these cor-
porations were violating the law, but it is to be pre-
sumed that they were obeying the law, and were so
maintaining their office as to permit service of process
upon them. Under the ruling of this court in the
Davis case, supra, these returns are good.

There is yet another reason appearing in the re-
turn of the respondent made to this court for granting
this writ of mandamus. After the returns were made
upon the summons by the sheriff the defendant in
that cause appeared in the court presided over by re-
spondent, and filed an application praying for a re-
moval of such cause from the circuit court of the city
of St. Louis to the circuit court of the United States
for the Eastern Division of the Eastern Judicial Dis-
trict of Missouri. It is true that in such application
among other things it is said:

"The defendants above named, appearing herein
by their attorneys, *specially and for the sole and single
purpose of presenting this petition for removal,* re-
spectfully show to this honorable court, that this suit
is one of a civil nature, being founded upon an alleged
liability upon a contract, and that the matter in dis-
pute exceeds, exclusive of interest and costs, the sum
of two thousand dollars as appears by the petition
herein."

To our mind this is an entry of appearance in the
circuit court of the city of St. Louis, and required such
court to determine the one question as to whether or
not the jurisdiction was in the circuit court of the city
of St. Louis or in the Federal court named in the ap-
plication. It required the State court to pass upon the
sufficiency of the application, to say the least. We can
see no difference between a petition for removal from
a State to a Federal court and an application for a
change of venue from one State court to another. The
latter we have held to be an entry of appearance, al-

though the jurisdiction of the State court was questioned. [Julian v. Kansas City Star, 209 Mo. 35.]

We are of opinion that the peremptory writ of mandamus should be issued and it is so ordered. All concur, except *Burgess, C. J.*