NORMA ANTHONY, BY FRANK ANTHONY, HER FATHER AND NATURAL GUARDIAN, RESPONDENT, v. DOWNS AMUSEMENT COMPANY, A CORPORATION, APPELLANT.—205 S. W. (2d) 925.

St. Louis Court of Appeals. Opinion filed November 18, 1947.

*Moser, Marsalek, Dearing & Carpenter, J. C. Jaeckel* for appellant.

*Louis E. Miller, Miller* and *Landau, B. Sherman Landau* for respondent.

McCULLEN, J.—The action out of which this appeal arises was begun in the Circuit Court of the City of St. Louis by plaintiff, through her father and natural guardian, on January 3, 1946. Plaintiff's petition alleged that she sustained personal injuries on June 4, 1945, while a patron in a roller skating rink operated by defendant, Downs Amusement Company, in the City of St. Louis. Plaintiff's petition alleged that her injuries were caused by negligence of said defendant. A writ of summons in said cause was duly issued by the Clerk of the Court and delivered to the Sheriff of the City of St. Louis for service on defendant. Thereafter, the sheriff made the following return on said writ:

"Served this writ in the City of St. Louis, Missouri, on the within named defendant, the Downs Amusement Company (a Corporation), this 4th day of February, 1946, by delivering a copy of the writ and petition as furnished by the Clerk to E. Bandl C. C. of the said defendant Corporation, he being in said defendant's usual business office and in charge thereof. The President or other Chief Officer of said defendant could not be found in the City of St. Louis at the time of service.

John F. Dougherty, Sheriff,<br>by (Sgd.) J. Kurowski, Deputy."

No pleading was filed in the cause by defendant within thirty days after February 4, 1946, the date of the service of the writ of summons, and, on April 18, 1946, at the request of plaintiff, by her counsel, Division No. 1 of the Circuit Court granted a default and inquiry in the cause. Thereafter, on May 1, 1946, the cause was duly assigned to Division No. 1 of the court and, after a hearing before the court without a jury, a default judgment was rendered in favor of plaintiff and against defendant for the sum of $1500 and costs. On August 13, 1946, defendant filed in said cause its petition to review and set aside said judgment and to recall the execution issued thereon.

In said petition defendant alleged, among other things, that it had not been served with process and summoned in the action, as required by Section 27 (c) of the Civil Code of Missouri, Laws of Missouri, 1943, page 366, and that it did not appear to the suit prior to the rendition of said judgment; that the purported service of the writ of summons and petition by the Sheriff was not made at the "usual business office," a business office, or any office of the defendant; that the said E. Bandl, referred to in the sheriff's return, was not, at the time of said purported

service, an officer, managing or general agent, chief clerk, or employee of the defendant, and was not in charge of the "usual business office," a business office, or any office of the defendant, nor was said E. Bandl, on said 4th day of February, an agent authorized by appointment or required by law to receive process on behalf of the defendant.

It was further alleged in defendant's said petition that said sheriff was fully aware of all of those facts at the time of the delivery of the copy of the writ, with petition attached, to said E. Bandl; that the return of the sheriff was and is false, illegal and void; that the allegations of plaintiff's petition concerning the alleged negligence of the defendant, and upon which the judgment was obtained, are untrue; that defendant has a good and meritorious defense to said allegations and can present evidence, including admissions of plaintiff, to disprove such allegations and to prove that plaintiff was not injured as a result of any negligence on the part of the defendant. Defendant, in its said petition, prayed the court to set aside and vacate said default judgment, that the execution issued thereon be recalled, and that defendant be granted a reasonable time in which to answer plaintiff's petition.

Summons was duly issued on defendant's said petition and duly served on plaintiff.

On October 10, 1946, plaintiff filed a motion to dismiss defendant's petition to review and set aside said judgment of May 1, 1946, in which motion plaintiff alleged that defendant's petition fails to state a claim upon which relief can be granted in that it improperly and erroneously attempts to collaterally attack the sheriff's return of service, erroneously and improperly attempts to plead a purported irregularity not patent of record but which depends upon proof dehors the record, erroneously and improperly attempts to collaterally attack the sheriff's return by pleading purported facts to establish falsity therof with evidence dehors the record, and that defendant's petition was not tiemly filed.

As additional grounds of her motion to dismiss plaintiff alleged that defendant's petition to review and set aside the judgment of May 1, 1946, reflects upon its face that the sheriff's return is full and final in every respect, and valid and binding upon all parties.

On November 12, 1946, plaintiff's motion to dismiss defendant's petition to review and set aside the judgment of May 1, 1946, was sustained, and defendant's said petition was dismissed. Defendant duly perfected its appeal to this court from said judgment of dismissal.

Defendant contends that the trial court erred in dismissing its petition to review and set aside the default judgment that had been rendered against it. It is argued by defendant that this proceeding to review and set aside the default judgment was properly brought under the provisions of Sections 1247 and 1249, Revised Statutes, Missouri, 1939, Mo. R. S. A., Secs. 1247 and 1249. Defendant asserts

that since the Civil Code of Missouri, Laws 1943, pages 356-397 became effective, January 1, 1945, the recitals in a sheriff's return of service are no longer conclusive and may be impeached. Defendant relies on Section 31, Civil Code of Missouri, Laws of Missouri, 1943, page 369, Mo. R. S. A., Sec. 847.31, which provides as follows:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process, return, or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Defendant also relies upon Section 61(5), Civil Code of Missouri, Laws of Missouri, 1943, page 374, Mo. R. S. A., Sec. 847.61(5), as authority for raising, by motion, its objection to the sheriff's return of service. Said section of the statute sets forth ten grounds of objections and other matters that may be "raised by motion, whether or not the same may appear from the pleadings and other papers filed in the cause." One of the matters that may thus be raised is: "(5) Insufficiency of service of process."

Defendant points out that in Section 31 of the new Civil Code, *supra,* the only limitation on permitting an amendment is that it shall work no prejudice to the substantial rights of the party "against" whom the process issued. It is conceded by defendant in its argument that the sheriff's return is regular on its face, but it claims that the return is false in substance, and that there has therefore been an "insufficiency of service of process" contemplated by Section 61(5) of the new Civil Code, *supra.*

Defendant also concedes that prior to the effective date of the new Civil Code, *supra,* the sole remedy available to a defendant not properly served, where the return of the sheriff was regular on its face, was an action against the sheriff on his bond. Defendant earnestly argues, however, that the promulgation and adoption of the new Civil Code, *supra,* was intended as an improvement over the old procedure; that this is shown by Section 2 of the new Civil Code, which provides that said Code "shall be construed to secure the just, speedy and inexpensive determination of every action." Section 2, Civil Code of Missouri, Laws of Missouri, 1943, Sec. 2, page 357, Mo. R. S. A. Sec. 847.2. From this viewpoint defendant urges that the judgment herein should be reversed so that defendant may have an opportunity to establish the falsity of the sheriff's return.

It will be observed that defendant does not claim that it did not receive a summons and a copy of the petition, nor does it make the contention that it did not have actual notice in proper time of the institution and pendency of the action before the judgment was entered against it. Furthermore, there is no charge or allegation by defendant that plaintiff was guilty of fraud or collusion in connection with the sheriff's return of service. Nor is there any allegation that plaintiff

had knowledge of any alleged falsity of said return, either prior to or after the rendition of the judgment against defendant. Defendant bases its contention herein solely on the ground that the sheriff's return of service "was and is false," and argues that it has a right to attack said return and have the judgment based thereon set aside for falsity of the return.

For many years the law of this state has been well settled by the decisions of our appellate courts, which have uniformly held that a sheriff's return of service of process is conclusive on the parties to the suit in which the process is issued, and that such a return cannot be impeached or contradicted by parol evidence. The courts of this state have repeatedly held that the remedy for anyone damaged by a false return of a sheriff is a suit against such officer on his official bond. This doctrine of law has been declared and applied in many cases of various kinds. A reference to a few cases will be sufficient to show the strong stand that our courts have taken on this question.

In State ex rel. Texas Portland Cement Co. v. Moses N. Sale, Judge, 232 Mo. 166, 132 S. W. 1119, our Supreme Court held that the return of service by a sheriff is binding on all courts until amended by the sheriff, and that the sufficiency of the service must be determined by the facts narrated in that return and by them alone. In that case the court said:

"These corporations had a place of business in this State and therefore came within the first portion of the paragraph, which requires the summons to be delivered to an officer or agent of the corporation. *We can only discuss this question from the standpoint of the returns made by the sheriff. In this proceeding, as well as in the proceeding in the lower court, his returns are binding upon all parties. If false he is liable upon his bond, but the statements therein are the facts as to the service, so far as our consideration of the matter goes.*" State ex rel. Texas Portland Cement Co. v. Moses N. Sale, Judge, 232 Mo. 166, 173, 132 S. W. 1119, 1121. (Emphasis ours.)

In State ex rel. Frazier v. Green, Mo. App., 143 S. W. (2d) 64, it was held that the return of a sheriff on process regular on its face and showing the fact and mode of service is conclusive upon the parties, and its truth can be controverted only in a direct action against the sheriff for false return. In said Frazier case the court referred to the case of Smoot v. Judd, 184 Mo. 508, 518, 83 S. W. 481, 484, wherein the Supreme Court said:

"Ever since the decision of this court in Hallowel v. Page, 24 Mo. 590, the law has been uniformly declared in this state to be that 'the return of a sheriff on process regular on its face, and showing the fact and mode of service, is conclusive upon the parties to the suit. *Its truth can be controverted only in a direct action against the sheriff for false return.*'" (Emphasis ours.)

See Smoot v. Judd, *supra*, for a long line of Missouri cases holding to the same effect. See also Brown v. Stewart, 313 Mo. 1, 281 S. W. 768; McDonald v. Leewright, 31 Mo. 29; White v. Hal-John Realty & Inv. Co., 226 Mo. App. 157, 43 S. W. (2d) 855.

The question to be determined in the case at bar is whether or not the above mentioned doctrine of law, heretofore declared and applied by the courts of this state, has been superseded because of the enactment by the Legislature of the new Civil Code of Missouri, particularly Sections 31 and 61(5), *supra*, relied on by defendant herein.

It will be noted that the language of Section 31, cited by defendant, provides that the court "may allow" any process, return, or proof of service thereof to be amended.

There is nothing in the record in the case at bar to show that the sheriff requested leave to be "allowed" to amend his return, even though defendant has charged on the record that the sheriff's return "was and is false." We must, therefore, take it that the sheriff has stood and still stands on his return as made and filed in the cause. Neither the sheriff nor the plaintiff is seeking to amend the sheriff's return. On the contrary, it is the defendant who is seeking—not to have an "amendment" to the return "allowed" because of any "insufficiency," but to have the judgment based on said return set aside by the admission of evidence to contradict the return and nullify it on the ground that it is false.

. We do not believe that the language used by the Legislature in Sections 31 and 61(5), *supra*, warrants or is open to the construction contended for by defendant. Defendant's contention is not based upon any "insufficiency" of the sheriff's return. It is clearly based upon the "falsity" of such return. Defendant does not seek to "amend" the return. It seeks, ultimately, to have the return completely nullified. The record shows that the return of the sheriff is regular on its face and contains all the elements required for a "sufficient" return of service under Section 27(c), Civil Code of Missouri, Laws Mo. 1943, p. 366, Mo. R. S. A., Sec. 847.27(c).

We are unable to agree with defendant that "falsity" of a sheriff's return is the same as an "insufficiency" thereof. The simple clear language of the Legislature in providing for the allowance of amendments to a sheriff's return of service, for the purpose of curing insufficiencies or defects therein to avoid delays in procedure, cannot, as we view the matter, reasonably be construed to authorize the setting aside of a final judgment and the complete nullification of the sheriff's return on the ground of the falsity of such return.

It is true that the scope of Section 31 of the new Civil Code, *supra*, is broader than was that of the old section, namely, Section 984, Revised Statutes Missouri, 1939, Mo. R. S. A., Sec. 984, which provided that all returns made by any sheriff or other officer "may be amended

*in matters of form* by the court to which such return shall be made, in its discretion, as well before as after judgment." (Emphasis ours.)

We have emphasized above that part of the old law (now repealed) which limited amendments of an officer's return to "matters of form." Under Section 31 of the new Civil Code, *supra,* such amendments are not so limited. However, we find no basis whatsoever in the language used by the Legislature in either Section 31 or 61(5) of the new Civil Code, supra, to warrant a court in holding that it has authority to declare a sheriff's return of service void in its entirety because of falsity. The law provides an entirely different and, as we view it, a more drastic and effective method of dealing with a false return of a sheriff, namely, a suit directly against such officer on his official bond.

We think that a reasonable construction of the language of Section 31 of the new Civil Code, *supra,* leads inescapably to the view that it was the legislative intent to authorize the court to "allow" an amendment to a sheriff's return on the motion of the sheriff, or of a party, so as to cure an "insufficiency," and thus avoid unnecessary delay. However, the curing of an "insufficiency" of a sheriff's return by an allowed "amendment," in order to avoid delays on technical grounds, is far different from a ruling by a court completely setting aside a final judgment on the ground that a sheriff's return is "false."

If, as alleged by defendant, the sheriff made a false return, defendant has a complete and definite remedy by bringing an action for damages against him on his official bond. Each sheriff of this state is required by law to give a substantial bond to protect the public against any such misconduct as a false return. See Section 13127, Revised Statutes Missouri, 1939, Mo. R. S. A., Sec. 13127.

It is true that Section 2 of the new Civil Code, *supra,* provides that said Code "shall be construed to secure the just, speedy and inexpensive determination of every action." However, that does not mean that courts are to adopt a construction of the Code clearly not warranted by the language of the legislature. Furthermore, if we were to adopt the view contended for by defendant it would make it easy for attacks to be made upon the solemn final judgments of courts. This would encourage delay in the trial of causes on their merits while the courts attempt to deal with questions of alleged false returns of service. Such procedure, instead of contributing to the speedy and inexpensive determination of every action, would unsettle and make judgments uncertain and unstable. It would really delay and make more expensive the processes of the administration of justice.

We hold that the trial court's action in dismissing defendant's petition to review and set aside the default judgment was correct and should be affirmed. It is so ordered. *Anderson* and *Hughes, J. J.,* concur.