GRACE MAJEWSKI, Appellant, v. JOSEPH BENDER and NELLIE BENDER, Respondents.—237 S. W. 2d 235.

St. Louis Court of Appeals. Opinion filed February 20, 1951.

Respondents' motion for rehearing or to transfer cause to the Supreme Court of Missouri overruled March 26, 1951.

Respondents' application to transfer from St. Louis Court of Appeals denied by Supreme Court May 14, 1951.

*Murphy* and *Bloom* for Appellant.

*Charles L. Moore* and *Thomas J. Hennessy* for Respondents; *John Lee Waechter*, for Sheriff of City of St. Louis.

HOUSER, C.—This is a consolidated appeal from (1) an order of the circuit court sustaining a motion of the sheriff to amend his return of service of process in a certain lawsuit, and (2) an order of the same court sustaining a motion of the defendants in the same lawsuit to set aside the judgment previously rendered and to quash the writ of execution outstanding therein.

On October 17th, 1949 Grace Majewski filed a suit for damages for wrongful eviction from property allegedly owned by Joseph and Nellie Bender and rented by them to her. Process was issued on which a non est return was made, whereupon an alias summons was issued on December 23, 1949 and delivered to the sheriff for service. Thereafter the following return was made by the sheriff:

"I hereby certify that I have served the within summons:—

(1) ...

(2) By leaving on the 3rd day of January, 1950 for each of the within named defendants Joseph Bender and Nellie Bender a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendants with some person of his or her family over the age of 15 years;

(3) ...

All done in the City of St. Louis *County*, Missouri.

> Thos. F. Callanan
> Sheriff of St. Louis, *County*,
> Missouri
> By F. Ludlow
> Deputy Sheriff."

Defendants having defaulted, the cause came on for trial on March 8, 1950, was assigned to division, a jury was waived, the cause was submitted to the court sitting as a jury, and the trial resulted in a judgment for plaintiff Grace Majewski and against Joseph and Nellie Bender in the sum of $3000.00.

On April 18, 1950 the sheriff filed a motion to amend the return of service "so as to comply with the actual facts * * * to show that service was had by delivering a copy of the Petition herein to Joseph Bender, Jr. at 1457 Cass avenue in the City of St. Louis, State of Missouri * * * in lieu of the Return dated January 3, 1950 showing service upon Joseph Bender, Jr. at the usual place of abode of the defendants herein."

On April 21, 1950 defendants Joseph and Nellie Bender filed a motion to set aside the judgment and quash the execution for the reason that "the amended return filed by the Sheriff of the City of St. Louis, Missouri, shows upon its face that the copies of the petition were delivered to one Joseph Bender, Jr., at 1457 Cass avenue in the City of St. Louis, State of Missouri, and that the defendants do not live at or is 1457 Cass avenue their usual place of abode."

704

At the hearing of the motions these facts were developed:

The deputy sheriff who served the papers and made the return of January 3, 1950, one Frank Ludlow, took the papers to the home address of the defendants on San Francisco Street "a half a dozen times" but no one was at home. Thereafter he took the service papers "down to the store on Cass avenue, and served a man behind the butcher counter, said he was his son"; that the person served was a "grown-up boy * * * over sixteen * * * I imagine about twenty five"; that he made a return on that process showing "copy service" on the son; that at that time neither of the defendants Joseph or Nellie Bender was at the store nor was either of them served; that he did not actually serve the defendants at their usual place of abode; that the grocery store where the papers were served on defendants' son was not the usual place of abode of defendants; that there is substantial error in the return; that the service was void. The deputy testified "I just made a mistake, that's all I can say * * * I want the record to show that the service wasn't any good."

Following the sustaining of the motion to amend the sheriff's return and the order of the court setting aside the judgment and quashing the execution this appeal was perfected.

Amendments of sheriffs' returns to conform to the facts have been freely allowed, in the discretion of the court, both before and after judgment, Magrew v. Foster, 54 Mo. 258; Jackson v. Brown, Mo.App., 211 S.W. 893; after the term of office of the sheriff had expired, Blaisdell v. The William Pope, 19 Mo. 157; Miles v. Davis, 19 Mo. 408; Scruggs v. Scruggs, 46 Mo. 271; McClure v. Wells, 46 Mo. 311; Smoot v. Judd, 184 Mo. 508, 83 S.W. 481; Kahn v. Mercantile Town Mut. Ins. Co., 228 Mo. 585, 128 S.W. 995; Judd v. Smoot, 93 Mo.App. 289 (where the amendment was allowed 10 years after the term of the sheriff expired); and even after the office has ceased to exist, Brecht v. Corby, 7 Mo.App. 300.

These amendments have been allowed under the statutes now numbered Sections 974 and 984, R.S. Mo., 1939 Mo.R.S.A., §§ 974 2nd 984, which provide:

"Amendments after judgment.—After final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend in affirmance of such judgment any record, pleading, process, entries, returns or other proceedings in such cause, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by rectifying defects or imperfections in matters of form, and such judgment shall not be reversed or annulled therefor." (974)

"Amending returns of officers.—All returns made by any sheriff or other officer, or by any court or subordinate tribunal, to any court, may be amended in matters of form by the court to which such return shall be made, in its discretion, as well before as after judgment." (984)

It is to be noted, however, that such amendments were allowed only in *affirmance, aid* and *support* of judgments, and were never permitted to be made in derogation or avoidance of judgments. Magrew v. Foster, supra; Stewart v. Stringer, 45 Mo. 113; Coerver v. Crescent Lead & Zinc Corporation, 315 Mo. 276, 286 S.W. 3.

Respondents contend that the rule that the return of a sheriff, regular on its face, showing the method and fact of service of process, is conclusive upon the parties to the suit and that its truth cannot be controverted except in a direct action against the sheriff for a false return, which has been the law of Missouri since it was first announced by the Supreme Court in Hallowell v. Page, 24 Mo. 590 decided in March, 1857, is changed by the enactment of Laws of Missouri, 1943, p. 352, repealing Sections 974 and 984, supra, and enacting Section 847.31 (Section 31 of the Act) which is as follows:

"Court may allow process, return or proof of service to be amended, when.—At any time in its discretion and upon such terms as it deems just, the court may allow any process, return, or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

The argument is that the repeal of Section 974, which permitted the sheriff to amend *in affirmance* of the judgment, and the enactment of new Section 847.31, which contains no such language, permits him to amend, by leave, in accordance with the facts regardless of the effect it may have upon the judgment; that if the original return is false the judgment is false, and that an amendment destroying a false judgment will further the cause of justice just as surely as an amendment upholding a rightous judgment.

This court recently had occasion to pass upon a situation quite similar to the case at bar in Anthony v. Downs Amusement Co., 239 Mo.App. 1136, 205 S.W. 2d 925, wherein a petition was filed by the defendant corporation to review and set aside a default judgment against it on the ground that the corporation had not been properly served with process and that the sheriff's return of service, although regular on its face "was and is false." In that case this court held that the legislative intent in enacting Section 31 of the Civil Code of Missouri contemplated amendments to sheriffs' returns so as to cure "insufficiencies" and thereby avoid unnecessary delays in procedure, but does not authorize a court to declare a sheriff's return of service void in its entirety because of falsity; that the well settled doctrine that a sheriff's return of service is conclusive on the parties and

cannot be impeached or contradicted by parol evidence is not superseded by the enactment of Section 31 of said Code.

The only substantial distinction between the two cases on the facts is that in the Anthony case neither the sheriff, the defendant, nor anyone, sought to amend the sheriff's return before moving to set aside and vacate the default judgment, whereas in the case at bar the sheriff moved to amend, and three days later, and before leave to amend was obtained, defendants moved to set the judgment aside. In the Anthony case the defendant "cought to have the judgment based on said return set aside by the admission of evidence to contradict the return and nullify it on the ground that it was false." In the case at bar there was no allegation in the motion to amend that the return as originally made was false, although the evidence clearly indicated that it was false.

This is a distinction without a difference. According to the evidence the original return was false. It did not conform to the facts. It is not material that it was attacked by the sheriff himself rather than by the defendants, or that the return was amended on motion filed before the making of the defendants' attack on the judgment, nor does it make any difference whether the point was raised on motion to amend the return or on motion to vacate the judgment, or both. In any event it involves an effort to impeach and nullify the return. To permit such an effort to succeed would be to upset a fundamental rule which has become imbedded in our system, namely, that in a proceeding such as this, a sheriff's return cannot be contradicted and nullified for falsity by parol evidence when the effect will be to set aside a judgment based thereon.

We reannounce the rule and reasoning of the Anthony case, supra, and suggest the further reason that the adoption of the rule contended for would open the doors to wholesale frauds by unscrupulous officers.

Defendants Bender are not without a remedy. If damaged by the making of a false return they have their suit upon the sheriff's bond. Anthony v. Downs Amusement Co., supra; Woods v. Zellers, D.C.Pa. 1949, 9 F.R.D. 6.

Defendants Bender further claim that in any event the court should review the entire record of the trial of the case in the lower court and set aside the judgment for the reason that the plaintiff failed properly to prove that defendants Bender owned the premises rented to plaintiff. This contention cannot be sustained. This Court has no jurisdiction to review the sufficiency of the proof to support the judgment, for the reason that there has been no appeal from the judgment. In that respect this case is altogether different from the case of Hughes v. St. Louis Nat. League Baseball Club, 359 Mo. 993, 224 S.W. 2d 989 cited by respondents.

The orders of the circuit court dated (1) June 1, 1950 sustaining the sheriff's motion to amend the return of service, (2) June 5, 1950

sustaining the motion of the defendants Bender to set aside judgment and quash execution, and (3) June 5, 1950 setting aside and vacating the judgment of the circuit court should be set aside, vacated and annulled, and the Commissioner so recommends.

Norwin D. Houser
Commissioner.

PER CURIAM:—The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The orders of the circuit court dated June 1, 1950 and June 5, 1950 are accordingly set aside, vacated and annulled. *Anderson, P. J.,* and *McCullen* and *Bennick, JJ.,* concur.