**TEXAS–WESTERN COMPANY, a Corporation (Plaintiff), Appellant,**

v.

**John W. GIESECKE (Defendant), Respondent.**

**No. 30516.**

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1961.

William L. Mason, Jr., St. Louis, for plaintiff-appellant.

John W. Giesecke, St. Louis, Erwin F. Vetter, Clayton, for defendant-respondent.

O. P. OWEN, Special Judge.

This is an appeal from an order of the Circuit Court of St. Louis County dismissing plaintiff's petition. On July 16, 1956, plaintiff filed its petition alleging that defendant was indebted to it on an account for $176.80, pleading an express contract whereby it was entitled to a reasonable attorney's fee if the account was placed in the hands of an attorney for collection, alleging it had been so placed and praying for judgment for $176.80, interest, costs and a reasonable attorney's fee. On July 17, 1956, summons was issued and delivered to the sheriff of St. Louis County. On July 19, 1956, the sheriff made his return of service of summons and a copy of the petition on the defendant, as follows:

"I hereby certify that I have served the within summons in the County of St. Louis, State of Missouri, by leaving on the 18th day of July 1956, a copy of the summons and a copy of the Petition as furnished by the Clerk for John W. Giesecke defendant herein at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the age of 15 years."

No further action was taken until December 30, 1957, when the sheriff and his deputy who made the return of service, filed a motion to amend return of service, setting

forth that at the time of service of summons the deputy left it with a person over the age of 15 years at 32 Algonquin Wood, Glendale, St. Louis County, and was of the belief that such person was a member of defendant's household within the requirements of the laws of Missouri; that movants have since been informed and verily believe that at the time of service neither defendant nor any member of his family, any servant or employee or agent were living at said address, but said defendant and his family were in fact living outside the State of Missouri and said residence was rented and occupied by persons in no way related to defendant. Attached to this motion is the affidavit of Louis P. DesJardins, Jr., executed in New York City, New York, attesting that he had rented the premises at 32 Algonquin Wood, in Glendale, by written lease, from June 6, 1956 to September 4, 1956, and with his family, occupied the premises between those dates and that neither defendant nor any member of defendant's family lived at said premises during said time, and that a summons directed to John W. Giesecke was left with affiant's daughter Elynor Ann DesJardins sometime in July, 1956, and that neither affiant nor any member of his family is related in any way to John W. Giesecke or any member of his family.

Plaintiff, on December 31, 1957, filed its motion to dismiss the sheriff's motion to amend return of service. On April 15, 1958, after a hearing, the court overruled plaintiff's motion to dismiss and sustained the sheriff's motion to amend the return. However, no entry was made on the record by way of amending the return until December 14, 1959, when the return of service of summons was amended so as to read:

"After due and diligent search, the within named defendant, John W. Giesecke, cannot be found in the County of St. Louis, Missouri."

On the very day after the long delayed amendment the court entered this order:

"There being no service of process on John W. Giesecke, the defendant herein, ordered by the Court of its own motion that this cause be and is hereby dismissed, and that the plaintiff pay the costs herein incurred."

From this order and judgment of dismissal, plaintiff prosecutes its appeal. The defendant respondent has filed no brief in this court.

Plaintiff appellant takes the position that the original return reciting service on a person of defendant's family over the age of 15 years is conclusive on the parties and its truth can be controverted only in a direct action against the sheriff for false return; that it was error to admit any evidence or take any testimony in support of the sheriff's motion to amend the return where plaintiff objected thereto, that the court erred in overruling plaintiff's motion to strike the motion to amend the return and in sustaining the motion to amend, and in dismissing plaintiff's cause and rendering judgment for costs against plaintiff on the sole ground that there was no service on the defendant.

In support of its contentions, appellant cites Majewski v. Bender et al., 241 Mo. App. 701, 237 S.W.2d 235, and Anthony v. Downs Amusement Co., 239 Mo.App. 1136, 205 S.W.2d 925.

In the Anthony case the return showed service on the corporate defendant by delivering a copy of the writ and petition to an individual in defendant's usual business office and in charge thereof. No pleading having been filed by defendant within the allotted time, default and inquiry were granted on plaintiff's request. After hearing judgment was entered in plaintiff's favor. Several months later defendant filed its petition to review and vacate and set aside judgment and to recall the execution, alleging among other things that it had not been served with process and summons, that the individual on whom service was made was not in charge of defendant's office nor authorized to receive process and

that the sheriff knew all these facts at the time of delivery of the writ and that the return of the sheriff was illegal and void. Plaintiff filed a motion to dismiss defendant's petition to review and set aside the judgment on the ground, among others, that it improperly and erroneously attempts to collaterally attack the sheriff's return of service and attempts to plead a purported irregularity not patent of record but which depends upon proof dehors the record. This motion of plaintiff to dismiss was sustained by the court and from that order the defendant appealed. In affirming the action of the trial court, this court in that case held, 205 S.W.2d loc. cit. 928–930:

"The question to be determined in the case at bar is whether or not the above mentioned doctrine of law, heretofore declared and applied by the courts of this state, has been superseded because of the enactment by the Legislature of the new Civil Code of Missouri, particularly Sections 31 and 61(5), supra, relied on by defendant herein.

"It will be noted that the language of Section 31, cited by defendant, provides that the court 'may allow' any process, return, or proof of service thereof to be amended.

"There is nothing in the record in the case at bar to show that the sheriff requested leave to be 'allowed' to amend his return, even though defendant has charged on the record that the sheriff's return 'was and is false.' We must, therefore, take it that the sheriff has stood and still stands on his return as made and filed in the cause. Neither the sheriff nor the plaintiff is seeking to amend the sheriff's return. On the contrary, it is the defendant who is seeking—not to have an 'amendment' to the return 'allowed' because of any 'insufficiency,' but to have the judgment based on said return set aside by the admission of evidence to contradict

the return and nullify it on the ground that it is false.

"We do not believe that the language used by the Legislature in Sections 31 and 61(5), supra, warrants or is open to the construction contended for by defendant. Defendant's contention is not based upon any 'insufficiency' of the sheriff's return. It is clearly based upon the 'falsity' of such return. Defendant does not seek to 'amend' the return. It seeks, ultimately, to have the return completely nullified. The record shows that the return of the sheriff is regular on its face and contains all the elements required for a 'sufficient' return of service under Section 27(c), Civil Code of Missouri, Laws Mo.1943, p. 366, Mo.R.S.A. Sec. 847.27(c).

"We are unable to agree with defendant that 'falsity' of a sheriff's return is the same as an 'insufficiency' thereof. The simple clear language of the Legislature in providing for the allowance of amendments to a sheriff's return of service, for the purpose of curing insufficiencies or defects therein to avoid delays in procedure, cannot, as we view the matter, reasonably be construed to authorize the setting aside of a final judgment and the complete nullification of the sheriff's return on the ground of the falsity of such return.

"It is true that the scope of Section 31 of the new Civil Code, supra, is broader than was that of the old section, namely, Section 984, R.S.Mo.1939, Mo.R.S.A. Sec. 984, which provided that all returns made by any sheriff or other officer 'may be amended *in matters of form* by the court to which such return shall be made, in its discretion, as well before as after judgment.' (Emphasis ours.)

"We have emphasized above that part of the old law (now repealed) which limited amendments of an officer's return to 'matters of form.' Un-

der Section 31 of the new Civil Code, supra, such amendments are not so limited. However, we find no basis whatsoever in the language used by the Legislature in either Section 31 or 61(5) of the new Civil Code, supra, to warrant a court in holding that it has authority to declare a sheriff's return of service void in its entirety because of falsity. The law provides an entirely different and, as we view it, a more drastic and effective method of dealing with a false return of a sheriff, namely, a suit directly against such officer on his official bond.

"We think that a reasonable construction of the language of Section 31 of the new Civil Code, supra, leads inescapably to the view that it was the legislative intent to authorize the court to 'allow' an amendment to a sheriff's return on the motion of the sheriff, or of a party, so as to cure an 'insufficiency,' and thus avoid unnecessary delay. However, the curing of an 'insufficiency' of a sheriff's return by an allowed 'amendment,' in order to avoid delays on technical grounds, is far different from a ruling by a court completely setting aside a final judgment on the ground that a sheriff's return is 'false.'

"If, as alleged by defendant, the sheriff made a false return, defendant has a complete and definite remedy by bringing an action for damages against him on his official bond. Each sheriff of this state is required by law to give a substantial bond to protect the public against any such misconduct as a false return. See Section 13127, R.S. Mo.1939, Mo.R.S.A. Section 13127.

"It is true that Section 2 of the new Civil Code, supra, provides that said Code 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' However, that does not mean that courts are to adopt a construction of the Code clearly not warranted by the language of the legislature. Furthermore, if we were to adopt the view contended for by defendant it would make it easy for attacks to be made upon the solemn final judgments of courts. This would encourage delay in the trial of causes on their merits while the courts attempt to deal with questions of alleged false returns of service. Such procedure, instead of contributing to the speedy and inexpensive determination of every action, would unsettle and make judgments uncertain and unstable. It would really delay and make more expensive the processes of the administration of justice."

In the Majewski case [241 Mo.App. 701, 237 S.W.2d 236] default judgment was entered against defendant. Thereafter the sheriff filed a motion to amend the return which showed service on Joseph Bender and Nellie Bender by leaving a copy of the summons and copy of the petition at the respective dwelling place or usual place of abode of said defendants with some person of his or her family over the age of 15 years "so as to comply with the actual facts" to show service on Joseph Bender, Jr., at 1457 Cass Avenue in St. Louis. Three days later the defendants filed a motion to set aside the judgment and quash the execution for the reason that the amended return showed upon its face that service was had upon Joseph Bender, Jr., at 1457 Cass Avenue and that defendants did not live at that address or is that address their usual place of abode. A hearing was had on these motions at which time it was developed that after unsuccessful efforts to serve defendants at their home the deputy sheriff took the service papers to the store on Cass Avenue and served them on defendants' son. Thereafter the trial court sustained the motion to amend the sheriff's return and the motion of defendants to set aside the judgment and quash the execution and entered an order setting aside and vacating the judgment from which orders plaintiff appealed. These orders of the trial

court were, by this court, set aside, vacated and annulled.

In that case this court held, 237 S.W.2d loc. cit. 237–238:

"Respondents contend that the rule that the return of a sheriff, regular on its face, showing the method and fact of service of process, is conclusive upon the parties to the suit and that its truth cannot be controverted except in a direct action against the sheriff for a false return, which has been the law of Missouri since it was first announced by the Supreme Court in Hallowell v. Page, 24 Mo. 590 decided in March, 1857, is changed by the enactment of Laws of Missouri, 1943, p. 352, repealing Sections 974 and 984, supra, and enacting Section 847.31, Section 31 of the Act, R.S.1949, Sec. 506.190, which is as follows: 'Court may allow process, return or proof of service to be amended, when.—At any time in its discretion and upon such terms as it deems just, the court may allow any process, return, or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.' The argument is that the repeal of Section 974, which permitted the sheriff to amend *in affirmance* of the judgment, and the enactment of new Section 847.-31, which contains no such language, permits him to amend, by leave, in accordance with the facts regardless of the effect it may have upon the judgment; that if the original return is false the judgment is false, and that an amendment destroying a false judgment will further the cause of justice just as surely as an amendment upholding a righteous judgment.

"This court recently had occasion to pass upon a situation quite similar to the case at bar in Anthony v. Downs Amusement Co., 239 Mo.App. 1136, 205 S.W.2d 925, 928 wherein a petition was filed by the defendant corporation to review and set aside a default judgment against it on the ground that the corporation had not been properly served with process and that the sheriff's return of service, although regular on its face, 'was and is false.' In that case this court held that the legislative intent in enacting Section 31 of the Civil Code of Missouri contemplated amendments to sheriffs' returns so as to cure 'insufficiencies' and thereby avoid unnecessary delays in procedure, but does not authorize a court to declare a sheriff's return of service void in its entirety because of falsity; that the well settled doctrine that a sheriff's return of service is conclusive on the parties and cannot be impeached or contradicted by parol evidence is not superseded by the enactment of Section 31 of said Code.

"The only substantial distinction between the two cases on the facts is that in the Anthony case neither the sheriff, the defendant, nor anyone, sought to amend the sheriff's return before moving to set aside and vacate the default judgment, whereas in the case at bar the sheriff moved to amend, and three days later, and before leave to amend was obtained, defendants moved to set the judgment aside. In the Anthony case the defendant sought 'to have the judgment based on said return set aside by the admission of evidence to contradict the return and nullify it on the ground that it is false.' In the case at bar there was no allegation in the motion to amend that the return as originally made was false, although the evidence clearly indicated that it was false.

"This is a distinction without a difference. According to the evidence the original return was false. It did not conform to the facts. It is not material that it was attacked by the sheriff himself rather than by the defendants, or that the return was

amended on motion filed before the making of the defendants' attack on the judgment, nor does it make any difference whether the point was raised on motion to amend the return or on motion to vacate the judgment, or both. In any event it involves an effort to impeach and nullify the return. To permit such an effort to succeed would be to upset a fundamental rule which has become imbedded in our system, namely, that in a proceeding such as this, a sheriff's return cannot be contradicted and nullified for falsity by parol evidence when the effect will be to set aside a judgment based thereon.

"We reannounce the rule and reasoning of the Anthony case, supra, and suggest the further reason that the adoption of the rule contended for would open the doors to wholesale frauds by unscrupulous officers.

"Defendants Bender are not without a remedy. If damaged by the making of a false return they have their suit upon the sheriff's bond. Anthony v. Downs Amusement Co., supra; Woods v. Zellers, D.C.Pa.1949, 9 F.R.D. 6."

Other cases holding that a sheriff's return is conclusive upon the parties to the suit and the injured party must seek his remedy for false return against the sheriff on his bond are: Hallowell v. Page, 24 Mo. 590; Smoot v. Judd, 184 Mo. 508, 83 S.W. 481; Bodine v. Farr, 353 Mo. 206, 182 S.W. 2d 173; Johnson v. Wilson Estate, Inc., Mo. App., 256 S.W.2d 297; State ex rel. Moore v. Morant, Mo.App., 266 S.W.2d 723; Williamson v. Williamson, Mo.App., 331 S.W.2d 140.

All of the cases cited are those wherein a judgment had been entered in reliance on the verity of the return. None of them, nor any case coming to our attention, has gone so far as to hold that a return which is regular on its face but which is in fact irregular or false and upon which no one has relied to his hurt or damage, cannot be amended so as to enable the parties to proceed on the proper course.

As pointed out in Johnson v. Wilson Estate, Inc., supra, the Missouri rule has been that an exception to the conclusiveness of the sheriff's return arises where the plaintiff has aided or knowingly taken advantage of the false return. And it appears to us that the question of the conclusiveness of the return in this case clearly falls within the exception noted.

Service in this case was reported to have been made on the defendant by leaving a copy of the summons and of the petition at the respective dwelling place or usual place of abode of the defendant with some person of his or her family over the age of 15 years. This return of service appears regular on its face. On the basis of the return as made plaintiff would have been entitled, after the expiration of the time prescribed by law for filing answer or other pleading, to an interlocutory judgment upon default. No request for such judgment was made by plaintiff nor was anything further done from the date of return of service until December 30, 1957, some seventeen months later, when the sheriff sought to amend his return. On the following day plaintiff filed his motion to dismiss the motion to amend on the ground that it was not authorized by statute or any other law, and that it showed on its face that it was a motion not to amend service but "to nullify and wholly set aside service."

Section 506.190 Revised Statutes of Missouri, 1949, V.A.M.S., provides that the court may, at any time in its discretion allow any process, return or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process was issued.

We fail to see wherein plaintiff could possibly have been damaged or deprived of any rights by the amendment to

show "non est" return. Plaintiff could then have applied for an alias summons directed to the defendant. And although the necessity for a request for issuance of an alias summons might be considered as an inconvenience, it surely would not constitute the deprivation of any substantial right or be materially prejudicial to the plaintiff. Surely the prospect of an action against the sheriff on his bond for false return could not be more desired by plaintiff than proceeding directly against the defendant on the account alleged in the petition. And that is precisely what the plaintiff appellant seems to have in mind. We view the situation presented here to fall within the exception to the general rule of the conclusiveness of the sheriff's return and hold that the trial court did not abuse its discretion in allowing the sheriff to amend his return under the circumstances in this case.

Unfortunately the return of service was not actually amended until December 14, 1959. Up until that time the return in the file remained as originally entered on July 19, 1956, although the order of April 15, 1958, authorized the amendment. On the day after the amendment was made the trial court dismissed plaintiff's action at plaintiff's costs because of no service.

We know of no law or precedent which justifies the dismissal of a cause for want of service of process and we feel that the dismissal of this case on that ground, under the unusual circumstances, to be unjustified and unwarranted. Furthermore, the unqualified dismissal, under Section 510.150 Revised Statutes of Missouri, 1949, V.A.M.S., was with prejudice, hence a final judgment and appealable.

Plaintiff appellant attempts to exculpate itself from the charge of laches. Suffice it to say that appellant was not guilty of laches insofar as the appeal from the final judgment of dismissal is concerned.

For the reasons stated the judgment of the trial court dismissing plaintiff's cause of action is reversed and the cause is ordered remanded to be reinstated on the docket for further proceedings.

ANDERSON, P. J., and WOLFE, J., concur.